### OBERMARK v. CLARK.   (6 Div. 769.)

Supreme Court of Alabama.   Oct. 13, 1927.

**1. Vendor and purchaser ⟐349—Complaint, not alleging vendors could effect merchantable title within 10 days, as required by contract, held demurrable.**

Where contract to purchase lot provided that trade was to be closed within 10 days, or as soon as merchantable title could be effected, complaint in purchaser's action for breach, not averring that vendors had or were able to effectuate merchantable title within 10 days, *held* demurrable.

**2. Appeal and error ⟐1040(10)—Overruling demurrer to complaint not alleging vendors could effectuate merchantable title within 10 days, as required by contract, held reversible error.**

Where contract to convey lot provided that trade would be closed within 10 days, or as soon as merchantable title could be effected, since purchaser knew that vendor's title was incumbered by previous contract to sell property to third person, overruling demurrer to complaint in purchaser's action for breach of contract which did not aver that defendants had or were able to effectuate a merchantable title within 10 days *held* reversible error.

**3. Husband and wife ⟐184—Wife's contract for sale of her lands, made without husband's assent and concurrence, expressed in manner required by statutes, is void (Code 1923, § 8269).**

Contracts of a married woman for the sale of her lands, made by her without the assent and concurrence of her husband, expressed in the manner required by Code 1923, § 8269, are void.

**4. Contracts ⟐169—Contracts are interpreted in light of facts surrounding parties when they are made.**

Contracts must be interpreted in light of facts surrounding the parties when they are made.

**5. Contracts ⟐152—Words of a written contract are given their full import.**

The words of a written contract must be given their full import and force.

**6. Contracts ⟐169—To ascertain sense in which words were employed, courts may consider occasion giving rise to contract, relation of parties, and object.**

To arrive at true sense in which parties have employed words of a written contract,

courts may consider the occasion which gives rise to the contract, relation of the parties, and object to be accomplished.

**7. Contracts ⬅⟿10(5)—Contemplated contract for sale of lot being intended to be tripartite, all parties were required to be bound.**

Where contemplated contract for sale of a lot in which defendant and another as vendors were joint owners or tenants in common was intended to be tripartite, with each tenant agreeing to sell his interest, it was essential to finality and completeness of assent that all intended parties should be bound.

**8. Evidence ⬅⟿413—Admitting evidence of circumstances under which contract was made, relation of parties and mutual knowledge held not infringement of parol evidence rule.**

Since it is only by parol evidence that circumstances under which a contract was made, relation of parties, and what was within their mutual knowledge, can be ascertained, admission of such evidence does not infringe rule that evidence is not admissible to contradict, add to, or vary written contract.

**9. Vendor and purchaser ⬅⟿59—Statute making parties jointly bound severally liable in action on contract held inapplicable, where one joint tenant did not become jointly liable with defendant to convey (Code 1923, § 5719).**

Where one cotenant did not become jointly liable with defendant to convey good and merchantable title to lot held in joint tenancy or tenancy in common, Code 1923, § 5719, making parties jointly bound by contract severally liable in action thereon, was inapplicable.

**10. Vendor and purchaser ⬅⟿44—Evidence held to show that contemplated contract was not completed by securing consent of defendant's cotenant to sale of her interest.**

In action by purchaser of lot to recover for defendant's failure to convey good and merchantable title, where defendant and another held title as joint tenants or tenants in common, evidence *held* to show that contemplated contract was not completed by securing consent of defendant's cotenant to sell her interest.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by F. L. Clark against A. F. Obermark for breach of contract. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Theodore J. Lamar, of Birmingham, for appellant.

The trial court, by overruling demurrer to the complaint, erroneously construed the provision of the contract for performance thereof to be within 10 days, instead of a reasonable time, after merchantable title could be delivered. The complaint was subject to the further ground of demurrer that it did not state that, at the time the contract was breached, appellant had merchantable title and refused to deliver same. Alexander v. Abernathy, 215 Ala. 41, 108 So. 849. Error in overruling demurrer was prejudicial. Johnson v. Collins, 17 Ala. 318. The contract was joint, and, due to the inability of one to perform, could not be enforced. Carlisle v. Carlisle, 77 Ala. 339.

Harrison & Judge, of Birmingham, for appellee.

Brief did not reach the Reporter.

BROWN, J. This is an action by the appellee for breach of contract, and was originally brought against the appellant and his sister, Mrs. Sarah J. Gates. At the conclusion of the evidence the plaintiff amended his complaint by striking out the name of Mrs. Gates as a party defendant.

By the contract pleaded the plaintiff engaged to purchase, and the defendants engaged to sell and convey, a "good and merchantable title" to lot 4 in block 46, Corey, for a consideration of $5,250 to be paid by the plaintiff; $100 of which was paid upon the execution of the contract, $1,150 to be paid on delivery of the deed, $4,000 to be paid in one, two, and three years, with interest at 6 per cent., secured by first mortgage on the property, the seller to pay the taxes for the current year, and to furnish abstract of title "brought down to date, said title to be good and merchantable, otherwise the earnest money to be refunded. *The trade to be closed within 10 days, or as soon as merchantable title can be effected.*" (Italics supplied.)

The breach alleged is that defendants "failed or refused to furnish abstract of title brought down to date, and failed or refused to close the trade within 10 days after the execution of the contract."

In Alexander v. Abernathy, 215 Ala. 41, 108 So. 849, where a contract of like import was considered, except there the contract provided that "sale to be complete within 30 days from date, or as soon as merchantable title could be effected." It was held that the contract "was not a 30-day contract, unless a merchantable title could be shown within that period, and, if not, a reasonable time was given for the effectuation of same."

[1, 2] The complaint here does not aver that the defendants had, or were able to effectuate, a merchantable title within 10 days, and it was subject to the objection pointed out by the thirteenth and twentieth grounds of demurrer. The court, therefore, erred in overruling the demurrer to the complaint. Although it appears that the defendants had title to the property at the time the alleged contract was entered into with plaintiff, there is evidence tending to show that this title was incumbered by a previous contract on defendants' part to sell the property to one Chalmers, of which plaintiff had notice at the time the alleged contract was made, and without collusion on the part of the defendants a bill had been filed and was pending at the

time this suit was instituted to enforce specific performance of the first contract. Under these circumstances it cannot be said that the error of the court in overruling the demurrer to the complaint was without injury, and this error must work a reversal of the judgment.

[3] Some of the special pleas to which demurrers were sustained aver that Sarah J. Gates, one of the alleged contracting parties, was at the time a married woman living with her husband in this state, and that he did not join in or assent to the execution of the contract by her. Under the statute a married woman, living with her husband, the husband being of sound mind and a resident of this state, is without power to alienate her lands, or any interest therein, without the assent and concurrence of the husband expressed in writing, and contracts for the sale of her lands made by her without the assent and concurrence of the husband, expressed in the manner required by the statute, are void. Code of 1923, § 8269; Morris v. Marshall, 185 Ala. 179, 64 So. 312; Rooney et al. v. Michael & Lyons et al., 84 Ala. 585, 4 So. 421; McAnally v. Alabama Insane Hospital, 109 Ala. 109, 19 So. 492, 34 L. R. A. 223, 55 Am. St. Rep. 923; Wood et al. v. Lett et al., 195 Ala. 601, 71 So. 177.

Plea 9 filed by the appellant and to which the court sustained a demurrer avers, in substance, that Obermark and Gates were joint owners or tenants in common of the property, the subject-matter of the alleged contract, each owning a one-half undivided interest, which fact was known to the plaintiff at the time of the negotiations, and that plaintiff, through his agent, approached the defendant, Obermark, and proposed the contract, the subject-matter of this litigation, and as an inducement and part of the consideration for the defendant to enter into said contract of sale agreed to obtain from Sarah J. Gates a contract to sell her interest, which he failed to do. This plea, along with the other plea filed by Obermark, asserting the invalidity of the contract on the part of Sarah J. Gates, presents the important question in this case.

[4-6] It is a well-settled principle of law that:

"Contracts must be interpreted in the light of the facts surrounding the parties when they were made. There cannot be a departure from the words of a written contract, they must have their full import and force; but to arrive at the true sense in which the parties employed them, courts of necessity consider the occasion which gave rise to the contract, the relation of the parties, and the object to be accomplished. Pollard v. Maddox, 28 Ala. 321. As is said by Bishop: 'The parties speak in their contract from the fountain of their mutual knowledge and if we would properly interpret their words, we must put ourselves exactly in their position, and know just what they mutually know, with neither addition nor abatement.' Bishop on Contracts, § 370." McGhee

et al. v. Alexander et al., 104 Ala. 116, 16 So. 148.

[7] When the contract is considered in the light of the principle just stated, and the pleaded facts, it is clear that the plaintiff, Clark, did not contemplate nor intend to purchase merely the individual half interest of Obermark, but it was his purpose to purchase the entire title. It is equally as clear that Obermark, when he affixed his signature to the alleged contract, did not intend to acquire the interest of Mrs. Gates, but merely intended to sell his interest in the property and contemplated that Mrs. Gates would become a party to the agreement as to her interest. Under these circumstances it was impossible for Obermark to convey the entire title, and it would be unjust to hold him responsible for a failure to convey the entire title. The contract contemplated and intended to be made was a tripartite contract or agreement to sell, and it was as essential to the finality and completeness of assent that all the parties intended should be bound as it was that all of the terms should be definitely agreed upon. 6 R. C. L. pp. 616, 617, § 37, and authorities cited in note 110 Am. St. Rep. 747.

[8] It is only by the aid of parol evidence that courts can ascertain what were the circumstances under which a contract was made, the relation of the parties, and what was within their mutual knowledge, and the admission of such evidence is not an infringement of the rule that such evidence is not admissible to contradict, add to, or vary a contract, in writing; "the evidence simply helps to a proper understanding of the words and stipulations of the writing." McGhee et al. v. Alexander et al., supra.

Plea 2 filed by the appellant is lacking in averments showing the relation of appellant to the property and to the other defendant, and the demurrers to this plea were sustained without error. Plea 9 asserted a good defense and the court erred in sustaining the demurrers to this plea.

[9] The statute (Code of 1923, § 5719), making parties "jointly bound by * * * contract" severally liable in an action thereon, and the general rules of law that the parties to a joint contract are sureties each for the other and liable severally, as well as jointly, are obviously not applicable here, inasmuch as Mrs. Gates did not become jointly liable with Obermark to convey a good and merchantable title to the property.

[10] Viewing the alleged contract in the light of the facts stated in plea 9, and as shown by the undisputed evidence, the parties failed to complete the contract contemplated by their negotiations, and plaintiff was not entitled to recover.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.