(119 So. 844)

JONES et al. v. STOLLENWERCK.
(3 Div. 820.)

Supreme Court of Alabama. Dec. 20, 1928.

Rehearing Denied Jan. 24, 1929.

See, also, 217 Ala. 208, 115 So. 301; 217 Ala. 200, 115 So. 302.

Arthur B. Chilton and Hill, Hill, Whiting, Thomas & Rives, all of Montgomery, for appellants.

Ball & Ball, of Montgomery, for appellee.

Inadequacy of consideration is not sufficient to convert an absolute conveyance into a mortgage. There must be a debt owing and a concurrent intention by both parties that the transaction should constitute a mortgage. Privilege to repurchase does not make it a mortgage. Thomas v. Livingston. 155 Ala. 546, 46 So. 851; Reeves v. Abercrombie, 108 Ala. 535, 19 So. 41; Adams v. Pilcher, 92 Ala. 474, 8 So. 757; Brannon v. McCormick, 211 Ala. 546, 101 So. 56. A deed which is not attested or acknowledged is ineffectual in a court of law, but in equity is operative as an agreement to convey. Lowery v. May, 213 Ala. 66, 104 So. 5; Branch v. Smith, 114 Ala. 463, 21 So. 423; Goodlett v. Hansell, 66 Ala. 151; Bethea v. McCullough, 195 Ala. 480, 70 So. 680. Separate acknowledgment by the wife is not necessary where the title to the homestead is in her. Spink v. Guarantee Co., 181 Ala. 272, 61 So. 302; Dawson v. Burrus, 73 Ala. 111. Acknowledgments taken by telephone are good in absence of fraud. Banning v. Banning, 80 Cal. 271, 22 P. 210, 13 Am. St. Rep. 156; McHenry v. Day, 13 Iowa, 445, 81 Am. Dec. 438. A register's findings on testimony taken orally is presumed to be correct. Chancellor v. Teel, 141 Ala. 634, 37 So. 665; Bidwell v. Johnson, 195 Ala. 547, 70 So. 685; Cox v. Stollenwerck, 213 Ala. 390, 104 So. 756. As to reservation of exceptions to register's report, see Code 1923, §§ 6494–6498; Chancery Rules 87–94, 4 Code 1923, pp. 934–937.

FOSTER, J. The litigation between the parties to this cause began by a bill in equity filed by appellee Stollenwerck against appellants in May, 1924, praying for a specific per-

formance of an alleged contract for the sale of certain lots in South Cloverdale.

In June, 1924, appellants filed a bill in equity against appellee, alleging many transactions occurring between them extending from 1916 to 1922, consisting of loans of money, secured by mortgages, deeds, and other transactions; and, as later amended, alleging that certain deeds were intended as mortgages, and seeking an accounting of all such transactions and a redemption. Between the dates of the two bills, appellee had sued appellants on notes executed as rent of one of the places embraced in a deed, and had begun unlawful detainer for the recovery of said property. The bill sought an injunction against the prosecution of said suits. An injunction was granted and issued as prayed.

On January 5, 1925, the court made an order consolidating the two equity cases, and thereafter appellants were known as complainants. The bill contained many allegations showing a fraudulent scheme by appellee to obtain all the property of appellants. There are many irrelevant and impertinent matters running through the whole proceeding, presumably as shedding light on such issue. The bills were answered in detail, each respectively, and appellee made his answer a cross-bill, praying that the deeds and mortgages be declared valid and binding, and for general relief.

On November 5, 1926, the register filed a report reciting that it was referred to him by decree of April 2, 1925. We cannot find such décree of reference. But neither party makes any point on the absence of such decree, or as to its terms, and therefore we will treat the matter as though the decree were in proper form and authorized the register to act in the manner shown by his report. The report, after reciting the contentions of appellants, states that the court has not determined the validity of the deeds and mortgages, and that the register is not directed or authorized to make a finding as to such matters, but that he has been directed to make his report in two respects, one assuming that the deeds, mortgages, etc., are valid, and the other treating them as invalid. The register held the reference as so directed, and the evidence was taken orally before him. The report then proceeds to ascertain and find the status of the indebtedness as to each separate mortgage and other transaction.

An important controversy relates to what is known as the Dexter avenue property. Appellee purchased this property, and conveyed it to a corporation apparently controlled by appellants, and known as Southern Cities Realty Company. The report shows that there were several mortgages on said property, all of which were acquired by appellee; that the amounts of said mortgages, taxes, insurance, and repairs were agreed on between the parties, amounting to $55,032.84, as of April 13, 1921; that on March 13, 1921,

said corporation conveyed to appellee said property in satisfaction of said indebtedness. The deed was also executed by appellants, who insist that it was intended as a mortgage to secure the debt. The final decree of the court adjudged that issue against appellants, and that decision is one of the serious issues in this case. There was no writing between the parties evidencing the transaction, other than the deed. Our courts have held in many cases that to constitute an equitable mortgage, the alleged mortgagor must have a mortgageable interest in the property, and must owe to the alleged mortgagee a definite debt for which the alleged mortgage is security. Downing v. Woodstock, 93 Ala. 262, 9 So. 177; Moseley v. Moseley, 86 Ala. 289, 5 So. 732; Micou v. Ashurat, 55 Ala. 607. Under some circumstances the court will decree a trust in the nature of an equitable mortgage to effectuate the intention of the parties; but will only do so when the evidence showing such relation is in writing. Appellants did not own the property and could not make a mortgage on it, either equitably or otherwise, but appellee could in writing stipulate a trust relation effectual in the nature of a mortgage. It may be shown by parol evidence that a deed was intended as a mortgage in equity, but a trust relation must be manifested by writing complying with the statute. Moseley v. Moseley, supra; Code, § 6917. As the evidence upon which it is claimed the deed was intended as a mortgage rested solely in parol, we will not review the decree of the court as to its sufficiency. Appellants are not in position to complain of any alleged imperfection in the conveyance by the corporation to appellee. The corporation is not complaining.

As to the home place and east frontage property, the register reported as follows: "The title to this property was at one time in the complainant, Mamie D. Jones, who, her husband joining, executed and delivered to the respondent Stollenwerck a warranty deed dated March 1, 1922. The testimony shows that the respondent acquired a number of mortgages on said property at the request of the complainants, paid various items of taxes, and insurance, added interest at a legal rate, and the account as agreed upon showed an indebtedness in favor of the respondent on September 30, 1922, of $50,756.88; that some time prior to said date complainants agreed to convey the property to respondent Stollenwerck for a consideration of $37,000 which was reduced to $36,000 as of September 30, 1922, said consideration to be paid by the respondent Stollenwerck giving to the complainants credit therefor on said agreed indebtedness. The testimony shows that the deed was executed and delivered, and the respondent, Henry C. Jones, given opportunity to sell the property as agent for the respondent. Said Jones failed to find a purchaser and on September 30, 1922, the com-

plainants, pursuant to an agreement had between them and the respondent Stollenwerck, entered into a lease contract by which they agreed to pay him a monthly rental of $175 for a term of twelve months expiring September 30, 1923, which monthly payments were evidenced by rent notes executed by complainants. The testimony further shows that on September 30, 1923, complainants entered into another rent contract with the respondent for said property and agreed to pay therefor $175 per month until April 30, 1924. It further appears that no part of said rent was ever paid and the complainants have retained possession continuously to the present time."

■ The register also reported that said balance of indebtedness had been overpaid by the sales from time to time of other lots embraced in the mortgages, by the sum of $578.-20, which amount was credited to appellants on other subsisting claims due appellee. The rent notes mentioned in the report were found by the register not to have been paid in any part; that the principal sum of them was $3,325, and they were the basis of the suit at law; that with interest added to September 30, 1926, and attorneys' fee of fifteen per cent., appellee was entitled to a decree against appellants for $4,791.52 on the rent notes, and for use and occupation from April 30, 1924, to September 30, 1926, at $175 per month (the amount of the rent notes for the previous term) appellee was entitled to $5,075. The court confirmed this report, adding interest to July 1, 1927, the date of the decree. The register also charged appellants with a like sum as a penalty, being double the sum found for use and occupation. The court overruled the register's report in this respect, of which appellants cannot and do not complain. Likewise, the court overruled exceptions to such findings of the register, and decreed that the deed was without condition and not intended as a mortgage. Appellee has not pleaded or contended in brief that appellants are estopped, by reason of having rented the property, to litigate with appellee on the question of whether the deed was a mortgage. We will therefore not give consideration to any such doctrine. The report of the register is not controlling on the question of the effect of the conveyance to appellee. It was not submitted to him as he expressly states. He found the status of the parties based on that assumption as directed by the court.

■ But the court found and decreed that the deed was not a mortgage. It is therefore necessary for us to review such decree. It was not based upon evidence heard personally by the presiding judge, and therefore there is no presumption as to the correctness of the decree in that respect. In deciding that question from the evidence, we must remember that the burden is on appellants to overcome the presumption of law that the deed was intended as such to a clear

and satisfactory conclusion. "The testimony going to establish the essential facts [of a mortgage] must be consistent, strong and convincing." Downing v. Woodstock, supra. "There must be a continuing binding debt from the mortgagor to the mortgagee to uphold it; a debt in its fullest sense. Not a mere privilege reserved in the grantor to pay or not at his election, but a debt which the grantee can enforce as a debt, and for its collection may foreclose the conveyance as a mortgage. Where there is no debt, there can be no mortgage; for if there is nothing to secure, there can be no security." Knaus v. Dreher, 84 Ala. 319, 320, 4 So. 287, 288.

■ The evidence in this case shows that the consideration for the conveyance was first, in writing signed by H. C. Jones, agreed upon as $37,000 (Exhibit 201) and later by a written agreement signed by H. C. Jones (Exhibit 202) reduced to $36,000; a deed without express conditions was executed; appellant H. C. Jones was given an opportunity until September 30, 1922, to sell the property, appellee agreeing to convey it to any one named at such figure (Exhibit 201); failing to sell it by said date, appellants (both of them) entered into a written lease of the property on said date at a stipulated rental of $175 per month, no part of which has ever been paid. By a still later agreement, signed by both appellants, it was stipulated that possession should be given to appellee not later than May 1, 1924 (Exhibit 179), and on the same day executed a new set of rent notes; and this was after the relations of the parties had become strained. The amount of the stipulated consideration for the deed was credited, as agreed, on an indebtedness secured by a mortgage on that and other property. The purpose and effect of the deed is shown by the four distinct written instruments, all executed subsequent to the date of the deed, and all giving full force and effect to it as such— two of them stipulating the proper disposal of the agreed consideration. We cannot say that appellants have met the burden cast upon them by law with the character and convincing nature of the evidence required by law. We hold, therefore. that the decree declining to give effect to the deed as a mortgage was not erroneous.

■ The title to this property was in appellant Mamie D. Jones. While it was the homestead, it need not be acknowledged as required by the conveyance of the husband's homestead. Spink v. G. B. & T. Co., 181 Ala. 272, 61 So. 302.

■ While the amended bill alleges that said deed was not witnessed or acknowledged according to law, it also alleges that "after considerable negotiation between the parties, a deed absolute on its face but which was intended by all the parties thereto as a mortgage or conveyance to secure the said Frank Stollenwerck, was executed in March 1, 1922, and recorded in Deed Book 122, page

320." No relief is prayed as for a failure to acknowledge or witness the execution of the deed. It is claimed that this was done by the notary calling Mrs. Jones over the 'phone, and securing her acknowledgment in that way, and then certifying to her acknowledgment in the usual form. We need not here determine the sufficiency of this proceeding. As the appellants admit signing it, assuming that it was not properly witnessed or acknowledged, the trial court of equity properly gave effect to it as a valid and effectual conveyance. The statement of appellants as to its want of attestation or acknowledgment is merely incidental, in which no relief is prayed and on which no relief is due appellants.

### Lots 13 and 14, Block "A."

The register found as follows: "The testimony shows that on November 19, 1923, complainants and respondent entered into a written contract by which the complainants agreed that if they did not within six months thereafter become the owners of the North fifty feet of lots 13 and 14 in Block A according to the plat of South Cloverdale Number 1, recorded in Plat Book 4, page 71, in the probate office of Montgomery County, Alabama, and within said time the respondent Stollenwerck did become the owner thereof, he would buy from the complainants and they would sell and convey to him the south one hundred feet of said lots 13 and 14 in consideration of the sum of $1,000 to be credited by the respondent on the rent owing to him by the complainants for the use of said home place; the complainants failed to become the owners of said north fifty feet of said lots; that the respondent became the owner thereof and offered to give said credit of $1,000 and made due demand upon complainants for the execution and delivery of a deed conveying to the respondent said south one hundred feet of said lots 13 and 13 (14) which the complainants have failed and refused to do. The register finds and reports that the respondent Stollenwerck is entitled to have specific performance of said contract and to have conveyed to him the south one hundred feet of said lots 13 and 14 and upon said title being vested in him a credit of $1,000.00 should be given to the complainants on account of the rents as above stated but without interest because the complainants have withheld possession of said real estate; that respondent Stollenwerck is entitled to a lien on said lot for the balance due him."

The register's finding in this respect related to one of the major equities of the case, improper to be found by him. It is the province of the court, and not the register or a master, to make such a finding according to our system of equity practice. The court may not, without consent of the parties, rid itself of the burden of determining the principal equities involved. Sims Chan. Pract. § 596. Apparently recognizing this principle, and without respect to the report of the register, the court decreed a specific performance, which, however, was in line with the report of the register. Appellants' argument in brief on this question does not deny the essentials leading to the relief decreed. There was such a contract not denied by appellants, and no reason is assigned for a failure to decree specific performance in accord with it.

### Elmore County Land.

The register found and reported as follows: "The testimony shows that complainant Henry C. Jones bought from J. A. Bethune 640 acres of land in Elmore county, Alabama, known as the Haggerty place, and on said date executed and delivered to said Bethune a purchase money mortgage for the principal sum of $5,000 which is recorded in Mortgage Book 126, page 88, in the probate court of Elmore county, Alabama; that at the request of said Henry C. Jones the respondent Frank Stollenwerck purchased said mortgage, paying therefor the entire principal and accrued interest; that no part of said debt was ever paid to said respondent; that the amount due thereon on July 8, 1924, was $8,293.43, including ten per cent. attorney's fees; that default having been made respondent Stollenwerck foreclosed said mortgage under the power contained therein on July 8, 1924, and at said sale Pope Foster became the purchaser at and for the sum of $8,020.78, which said Stollenwerck received and applied as a credit on said mortgage debt; that at said time said Stollenwerck was the owner of a second mortgage on said property and immediately redeemed the same from said Foster who executed and delivered to him a deed showing said redemption; that said Stollenwerck then went into possession thereof and still retains the same; that the time for statutory redemption has expired, and so far as the parties to this suit are concerned the absolute title is in said Stollenwerck; that said Stollenwerck is not entitled to and does not claim anything from said complainants on account of said mortgage except the balance of said mortgage debt after deducting the foreclosure purchase price amounting to $272.69, which with interest thereon to October 1, 1926, amounts to $320.85, for which respondent Stollenwerck is entitled to a decree against the said complainants."

There are embraced in this finding also matters which are for the determination of the court and not the register, as above pointed out. But the court has for itself, and apparently without regard to the report, decreed in accord with the report. No point is made by appellants in this, nor in other respects, that the questions found were not properly matters of reference. Appellants' brief does not set forth any sufficient reason for error here. The mortgage held by appellee was foreclosed, and left with appellants only the statutory right of redemption. There

was a small balance due appellee after the sale, and this balance is by the court charged to appellants. We are not cited to any error in this respect.

### Lot Nine, Block Fourteen.

The register found as follows: "The testimony shows that this lot was included in the mortgages referred to in paragraph 9 above; that the complainants needed money and applied to the respondent Stollenwerck to lend it to them; that he was not in position to do so but agreed to borrow the money on his credit for them if they would convey to him the above mentioned lot to be used as security for a loan; that on May 5, 1921, complainants conveyed said lot to M. E. Compton at the request of said Stollenwerck for said purpose, and Stollenwerck released the lot from the mortgages above mentioned; that Compton then executed a mortgage on said lot to Stollenwerck, which Stollenwerck used as collateral to obtain the loan for the complainants, and the money borrowed was paid to the complainants; that after said mortgage was made, said Compton conveyed said lot to the said Stollenwerck and the title is still vested in him; that said Stollenwerck should account for said lot either by giving credit for its value or reconveying it to the complainants whenever they shall have satisfied whatever indebtedness they may owe to him as shown by this report."

The court decreed that $1,500 be credited on account of this lot. Appellants do not point out error in this respect.

The balance of the report of the register relates to the state of accounts between the parties. Exceptions were filed by appellants, and the court revised the account and made a few changes, consisting principally in eliminating the penalty charge, and in bringing the interest down to date of the decree. The register made a detailed report and finding as to each transaction.

In support of each exception appellants undertook to note the evidence in the following manner: "See evidence pages ——" (and then gives figures referring presumably to the pages of the original manuscript in the trial court). This was supposed to be a compliance with rule 93 of chancery court. With reference to this rule, this court long since held in the case of Woodruff v. Smith, 127 Ala. 65, on page 76, 28 So. 736, 740, that such method of noting the evidence was insufficient, where it states:

"The manifest purpose of this rule is to relieve the chancellor of the tedious investigations and search through the testimony of witnesses in the cause for evidence, which, if it exists, must be familiar to the solicitor and of easy reference. A general reference to the testimony of a witness or witnesses in support of an exception to the register's conclusion on the facts, is not a substantial compliance with the rule, and the chancellor may for that reason decline to consider such exception. Nor is it rendered any the less objectionable in noting testimony in support of the exception to refer to the testimony in a general way and alone by *reference to pages.* Such noting is but little if any better than a general reference to the testimony of a named witness or witnesses, and fails to afford that aid and facility to the court intended to be accomplished by the rule. The exceptions in this case are characterized with the infirmities we have mentioned. In Mahone v. Williams, 39 Ala. 225, this court, quoting from Chief Justice Marshall, said: 'It is not the province of a court to investigate items of an account. The report of a master is received as true, when no exception is taken; and the exceptions are to be regarded only so far as they are supported by special statements of the master, or by evidence which ought to be brought before the court by reference to the particular testimony on which the exceptor relies. Were it otherwise—were the court to look into *the immense amount of testimony laid before the commissioner*—the reference to him would be of little avail. Such testimony, indeed, need not be reported, further than it is relied on to support, explain, or oppose a particular exception.' See also Stewart v. Cross, 66 Ala. 22; Vaughan v. Smith, 69 Ala. 92; Jones v. White, 112 Ala. 449 [20 So. 527]; Thompson v. Maddux, 117 Ala. 468 [23 So. 157]." (Italics supplied.)

This interpretation of the rule was not observed by either party in noting the evidence. There are something like four hundred pages of single spaced typewriting on transcript paper of the oral evidence, and the pages of the original manuscript of the evidence are not brought into the record here, and about four hundred such pages of documentary evidence. We assume the trial court either went through the evidence or declined to do so on account of the failure to comply with the rule. "It is well established by our decisions that, when this rule of chancery practice has not been complied with, we cannot review the chancellor's decree on exceptions to the register's report." McGuire v. Appling, 157 Ala. 309, 47 So. 700. If there was any erroneous principle of law not followed by the register or court, it has not been pointed out in brief. If we should review every item of account in such situation truly "the reference to him (the register) would be of little avail."

Objection was made to the report because it was written by counsel for appellee as contended in affidavits. It appears from affidavits on file that counsel for appellee did write the report. The affidavit of such counsel is partly as follows:

"That at no time during the long period of said litigation has this affiant undertaken in any way to influence said register; that at no time prior to the filing of his report in this cause did the register inform affiant what his report would contain except in a

most general way; that several times the register when asked when his report would be ready stated that he was studying the testimony and trying to reach a conclusion; that after many months the register stated to affiant that he had reached the conclusion that the complainants' contentions were not sustained by the evidence and that the contentions of the defendant were sustained.

"That after some time the register stated that there were so many details in the account that he would like for affiant to prepare a statement and submit it to him for consideration; that thereupon affiant prepared a preliminary statement of what he thought was supported by the evidence and explained it to the register; that there were portions of it which were not satisfactory to the register and affiant undertook to restate the matter according to the views of the register; that thereupon after spending several months thereon he prepared and submitted to the register the report which was finally filed; that in its completed form it was delivered to the register on or about October 1, 1926; that the register thereafter informed affiant several times that he was studying the report and going over every portion of it to satisfy himself whether it was correct or not; that the register never did inform affiant whether he was satisfied or not until after the report was signed and filed by him.

"That this affiant was present at the taking of all the testimony before said register and said register was present and heard all of said testimony, including that small portion contained in the ninth volume of the testimony taken therein.

"That in making up said report for the register affiant followed the instructions of the register in reference to all of the points which the register considered had been submitted to him and informed affiant that the presiding judge had suggested that he prepare his report in two phases on certain points and said suggestion was followed."

This is not in conflict with any other evidence in the case. A register's report should be set aside for misconduct. Such misconduct in this respect is stated as follows in 34 Cyc. 873:

"Misconduct of the referee is ground for setting aside his report, and the misconduct may consist of any indiscreet action from which improper inferences can be drawn. For instance, where there is a dispute as to the fees of the referee and thereafter he changes his report in favor of the party paying the fees; or where the referee hears evidence or talks with witnesses of a party, or views the premises in the absence of the moving party; or where the referee agrees with the stenographer for a division of the fees of the latter, the report will be set aside. So where the referee was, or became, during the reference, the attorney of one of the parties; was one of a law firm appearing for one of the parties; was acting as counsel in another case before a referee who acted as counsel before him; or was a secret partner of a party the report should be set aside. On the other hand the mere fact that one of the referees chosen by the parties was the landlord of one of the parties has been held not ground. Prejudice on the part of a referee is ground, as is the expression of an opinion upon the facts in the case before his appointment unknown to the party at the time of his appointment."

We do not consider the preparation of the report for the register in accordance with his decision is misconduct justifying a setting aside of the report. It has never been considered improper in any respect for a judge to request counsel in a case to prepare a decree for his signature. It shows no improper influence nor is there in it any character of impropriety either on the part of the judge or attorney. The motion for a reference and exceptions on that ground are not well taken, and were properly overruled by the court.

 We do not find that it was necessary or appropriate, however, to discharge or dissolve the injunction. The matters sought to be litigated in the suits enjoined have been fully and completely litigated here. There was an ascertainment of the rights of the parties embraced in the litigation enjoined, and a lien established and declared in the decree in this case. It would be a failure of justice and duty to remit the parties again to a court of law in respect to that litigation. The injunction, instead of being dissolved, should rather be made perpetual. It will be so ordered here, and ordered further that the trial court shall proceed to enforce the rights of the parties as determined in its final decree, and there completely adjudged, without the necessity of further separate actions or proceedings. As modified, the decree of the circuit court will be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

### On Rehearing.

FOSTER, J. Appellants complain that neither the circuit court nor this court responded to their effort to separate the transactions of each of them. We cannot concur in this complaint. The register found that each debt was the debt of both complainants, or the separate debt of Henry C. Jones. We observe here, however, that the circuit court and this court also overlooked the finding of the register in this respect as to one item. We refer to the judgment of R. R. Jones against Henry C. Jones. The register reports this as a debt against Henry C. Jones, whereas the circuit court included it in the amount of the indebtedness due by both complainants. It is ascertained in the final decree to be $2,706.92. This amount should be deduct-

ed from the total sum of $69,334.88, decreed to be due by both complainants, and the amount of it be decreed against Henry C. Jones only. We think the report of the register and decree of the circuit court sufficiently responded to the issue tendered as to the separate items, and as to whether both complainants, or one of them, owed the debt, in each instance.

In the last paragraph of the former opinion we referred to the fact that the trial court should proceed to enforce the rights of the parties as determined, without the necessity of separate proceedings. By this we meant that as to each item of secured indebtedness the court should allow complainants a reasonable time to pay it, in default of which should foreclose the security. So that, if appellee has any collateral, as claimed, to secure any of the indebtedness, the same should be foreclosed as the mortgages on other property.

In respect to the Dexter avenue property, we said in the former opinion that the corporation which executed the deed to appellee, alleged to be a mortgage, is not complaining. Appellants refer to a dissolution of said corporation. It is not shown in the pleadings that complainants have acquired the equity of redemption from said corporation, its dissolution is alleged to have been procured by appellee without proper authority. It does not allege who were its stockholders at the time of dissolution, or what disposition was made of its property and rights. We are still of the opinion that complainants cannot, so far as the pleading shows, exercise any alleged equity of redemption claimed for the corporation. We have not, therefore, entered into the question of whether the deed was a mortgage and subject to redemption by the corporation. Certainly complainants cannot redeem, even if the corporation could, without allegations showing that they succeeded to the equity of the corporation.

We find that the other points argued by appellants in their application for rehearing are sufficiently treated in the former opinion.

With the correction of the statement as to the R. R. Jones judgment herein mentioned, the application is overruled.