7 So.2d 82

### ROBERTS et al. v. LINDSEY.

8 Div. 144.

Supreme Court of Alabama.

March 19, 1942.

Rehearing Denied April 9, 1942.

S. A. Lynne, of Decatur, for appellee.

Perdue & Miller, of Moulton, for appellants.

LIVINGSTON, Justice.

Appeal from a decree of the Circuit Court of Lawrence County, in equity, overruling demurrers to a bill of complaint seeking to establish and foreclose a lien on a filling station building.

. The bill alleges, in substance, that on March 13, 1935, the appellee, complainant in the court below, entered into a written contract whereby appellants, respondents in the court below, leased to appellee a certain lot or parcel of land described in the bill, for a term of five years commencing on March 13, 1935: that in and by the lease contract it was agreed that appellee should erect a filling station building on the lot, and that appellants would pay the cost of erection: that title to the building should vest in the appellants at the expiration of the lease contract, subject to the payment of the cost and expenses of its erection, and for which payment appellee was to have a lien. The bill alleges that the building was erected by appellee in pursuance of and in compliance with the contract, at a cost of five hundred dollars; that the lease has expired, and that although repeated demands have been made for the payment of the cost of erection of the filling station building, the same remains unpaid.

The bill prayed that the court determine the amount due appellee for the erection of the building; that the court fix, fasten and confirm the lien on said filling station building for the amount ascertained to be due appellee by appellants, and that the building be ordered sold for the purpose of paying off and satisfying the lien, and for general relief,—a copy of the lease contract was attached to and made a part of the bill of complaint.

The demurrers to the bill take the points that (1) there is no equity in the bill; (2) that the contract is void for uncertainty; and (3) that the contract is void for want of consideration.

The pertinent provisions of the contract are as follows: "Now party of second part J. R. Lindsey hereby agrees to erect a filling station building on the above described property, and parties of first part agrees that party of second part is to hold a lien on the building for any indebtedness or cost of erection of the building till paid in full at the expiration of the lease the building is to go to party of first part."

The equity of appellees' bill rests upon the averment of facts to establish an equitable lien and its prayer to enforce it.

In the case of Greil Brothers Co. v. City of Montgomery, 182 Ala. 291, 62 So. 692, 695, Ann.Cas.1915D, 738, this Court said: "Equitable liens as distinguished from legal liens, of course stand upon a different ground. The rule in such cases is well stated by Mr. Freeman in a note to the case of Aldine [Mfg. Co.] v. Phillips, [118 Mich. 162, 76 N.W. 371, 42 L.R.A. 531], 74 Am.St.Rep. [380], 387, as follows: 'An equitable lien arises either from a written contract which shows an intention to charge some particular property with a debt or obligation, or is implied and declared by a court of equity out of general considerations of right and justice as applied to the relations of the parties and the circumstances of their dealings. It is settled beyond question that a court of equity is the appropriate tribunal for the enforcement of an equitable, as distinguished from a statutory or common-law, lien. Vallette v. Whitewater Valley Canal Co., (Fed. Cas. No. 16,820), 4 McLean 192; Ridgely v. Iglehart, 3 Bland (Md.) 540; Holly Mfg. Co. v. New Chester Water Co. (C.C.) 48 F. 879; Walker v. Casgrain, 101 Mich. 604, (60 N.W. 291); * * * Buchan v. Sumner, 2 Barb.Ch. (N.Y.) 165, 47 Am.Dec. 305. "In equity there is no difficulty in enforcing a lien or any other equitable claim constituting a charge in rem, not only against real estate, but upon personal estate, or upon money in the hands of a third person, whenever the lien or other claim is a matter of agreement against the party himself and his personal representatives, and against every person claiming under him, voluntarily or with notice. Every such agreement for a lien or charge in rem constitutes a trust, and is accordingly governed by the general doctrine applicable to trusts." Fletcher v. Morey, (Fed.Cas. No. 4,864), 2 Story 555, 565.' "

And quoting from Manchuria S. S. Co. v. Harry G. G. Donald & Co., 200 Ala. 638 (head note 5), 77 So. 12, 15, "We may say that though an instrument provides no method of enforcing or foreclosing a lien secured thereby, a court of equity exercising original jurisdiction has power to protect and foreclose such lien. Boyett v. Hahn, et al. [197 Ala. 439], 73 So. 79." See, also, Harden et al. v. Wood Lumber Co., 235 Ala. 310, 313, 178 So. 540.

Such a lien as herein appears is regarded as in the nature of an equitable mortgage. City of Eufaula v. Alabama Power Co., 233 Ala. 257, 171 So. 368.

While the contract is not couched in the language of an experienced hand, since it has been performed on the part of

---

appellee it is not void for uncertainty. By its terms, appellee agrees to erect a filling station building on the lot leased, and the appellants agree that he shall have a lien on the building for so much of the costs of its erection remaining unpaid at the expiration of the lease. The uncertainty of the kind, size, etc., of the building to be erected has been made certain by performance. It was agreed that appellee should have a lien on what was erected, be it large or small, for the cost of its erection. This is not the ordinary or usual building or construction contract, whereby one agrees to build or erect a building for another. The building contemplated was one to suit the convenience and purposes of the appellee, and at the expiration of the lease the appellants could pay the costs of construction then remaining unpaid, and the title would vest in them, otherwise, appellee could foreclose his lien and remove it. Such construction renders the contract fair and just to all parties to it, which, we assume, the parties intended. In considering the general demurrer for want of equity, all amendable defects are considered amended, and as for the special grounds assigned, they have been treated above. The bill contains equity.

If, as contended by appellants in brief, the cost of the erection of the building was to be paid, in whole or in part, by the use and occupation of the premises, that is a matter of proof, and with which we are not here concerned.

A test of good consideration for a contract is whether the promisee at the instance of the promisor has done, forborne or undertaken to do anything real, or whether he has suffered any detriment, or whether in return for the promise he has done something he was not bound to do, or has promised to do some act or to abstain from doing something. Presbyterian Board of Foreign Missions v. Smith, 209 Pa. 361, 58 A. 689. That the instant contract meets that test is obvious beyond the necessity of elaboration.

The demurrers were properly overruled, and the judgment is due to be and is affirmed.

Affirmed.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.

BOULDIN and BROWN, JJ., concur specially.

BOULDIN, Justice (specially concurring).

The contract, in my opinion, is ambiguous and omissive, and open to averment and proof of the consideration, and the attending circumstances explanatory of the intention of the parties.

Construed within its four corners, it will be noted no money rental for the lot is specified, nor is it averred such rental was contemplated, nor paid at any time.

It appears, therefore, that the consideration was intended to be written into the contract, namely, the construction of a filling station building by the lessee at such cost as should meet his needs, which building should become the property of the lessors at the termination of the five year period, but subject to a lien on the building if the lessee's outlay thereon was not fully paid. No money reimbursements by the lessors were contemplated during the running of the lease. Neither can it be assumed the lessee was to have the free use of the lot for five years, and then collect the cost of the filling station. The fair implication is that if the reasonable value of the use and occupation of the lot for the five years did not repay the outlay in erecting the filling station, the lessee should have a lien on the building for such sum as remained unpaid.

It will be noted that the administrator of an estate was one of the lessors. For aught appearing, the lease may have been imperiled by the contingency that the lot would have to be subjected to the payment of debts of the decedent. On general demurrer, all reasonable intendments are resolved in favor of the equity of the bill. Hence my concurrence. This is written to clarify my own views.

BROWN, Justice (concurring).

I concur with Mr. Justice BOULDIN in the interpretation of the contract, and am further of opinion that the bill should show that the complainant has surrendered possession of the property to the lessors, has paid for the use and occupation of the land, or offer to do equity in respect thereto. Such averments are essential to the equity of the bill.