116 So.2d 568

Aratera MURPHY

v.

R. D. CARRIGAN.

1 Div. 677.

Supreme Court of Alabama.

Dec. 17, 1959.

Moody & Higgins, Mobile, for appellant.

Vincent F. Kilborn, Mobile, for appellee.

MERRILL, Justice.

This case was originally assigned to another member of the court, but was reassigned to the writer on November 23, 1959.

Complainant, Aratera Murphy, filed the original bill seeking to have a mortgage given by her to respondent set aside as void. Respondent filed an answer and cross-bill setting out the entire transaction which caused the disputed mortgage to be given.

Complainant demurred to the cross-bill, the demurrer was overruled and complainant brought this appeal.

The cross-bill admits the allegations of the original bill and proceeds to allege, in substance:

Complainant and her husband were fee-simple owners of certain real property and desired to have a home erected thereon. They purchased a frame house and engaged respondent to move the house and install it on their lot and do considerable work

on it, for which complainant and her husband agreed to pay respondent $3,775. At that time, the complainant and her husband were without funds with which to pay the agreed price. They agreed to execute and deliver a mortgage on the real property to secure payment to respondent. The work to be done, the amount and manner of payment, the security, and the terms of payment were all agreed upon.

Complainant's husband left the State to work in Ohio, and complainant and her husband were anxious that the work on the house should begin. To induce respondent to start work, complainant executed a note and mortgage which are in accordance with the terms agreed upon. Complainant's husband was absent and did not sign these instruments. To obtain the husband's signature, respondent prepared a duplicate note and mortgage and mailed them to the husband. The plan was to have the husband sign the duplicate instruments and return them to respondent. Respondent would then obtain complainant's signature on the duplicate instruments and destroy the originals. This was the agreement of all the parties. The husband advised respondent in writing that this should be done, and later advised respondent in writing that he had received the papers and would execute them, have them notarized, and would return them at once. The same letter advised respondent that complainant, as his wife, would attend to all matters.

Relying on these representations and instructions, respondent began work. When nothing remained to be done except to complete the sewer connections, complainant, in writing, notified respondent that he was forbidden further access to the property for any purpose. The husband has refused to execute and deliver the duplicate note and mortgage and complainant now seeks to renounce and discharge the mortgage and note executed by her. Respondent has fully performed except for connection of the sewer main. Complainant and her husband have failed and refused to pay the installments due on the obligation as agreed to by the parties and the same is now in default.

The prayer of the cross-bill seeks process on the husband; to compel the husband to execute the original note and mortgage, or in the alternative, to compel complainant and her husband to execute and deliver a note and mortgage of the same terms as the original ones; further, the prayer seeks to ascertain and declare that the mortgage is in default, and that the court will foreclose; and in the alternative, a further prayer to fix and declare a lien in favor of respondent upon the real property.

Complainant, Aratera Murphy, demurred to the cross-bill as follows:

"Comes the Complainant, Aratera Murphy, and demurs to the allegations of the Cross Bill of Complaint in this cause and as grounds therefor assigns the following:

"1. It affirmatively appears that there is no equity in said Bill.

"2. It affirmatively appears that respondent had an adequate remedy at law by way of a lien to enforce his rights, if any.

"3. Because it affirmatively appears that said mortgage is void because the requirements of the law were not complied with.

"4. Because it affirmatively appears that the scheme of the respondent was in effect an attempt to cause the Complainant to act as surety for her husband.

"5. Because it affirmatively appears that no valid mortgage was ever executed by the respondent and by her husband.

"6. Because it affirmatively appears from said Bill that complainant's husband did not execute said mortgage as required by law and that same is void."

■ The demurrer was to the cross-bill as a whole. When so, the demurrer must be overruled if any aspect thereof is good. Ingalls Iron Works Co. v. Ingalls Foundation, 266 Ala. 656, 98 So.2d 30.

■ Grounds 3, 5 and 6 of the demurrer merely reiterate the basis of the original bill—that the mortgage is void. The cross-bill does show that the complainant's mortgage was signed without the assent and concurrence of the husband, Tit. 34, § 73, Code 1940, and absent this requirement, the mortgage given by the wife to appellee is void. Obermark v. Clark, 216 Ala. 564, 114 So. 135, 55 A.L.R. 1153. But, there is more to the cross-bill than an attempt to foreclose the mortgage. These grounds only went to that aspect of the bill.

■ Ground 4 is not well taken because the cross-bill affirmatively shows that complainant, Aratera Murphy, was a joint owner of the property and that the debt sought to be secured was a joint debt. Therefore, the fee-simple interest of the wife was involved, and not merely a proposed suretyship for her husband.

■■ Ground 1 is not well taken. The rule is that the cross-bill is sufficient if the subject matter of the cross-bill relates to the subject matter of the original bill and it does in this case. Johnson v. Green, 259 Ala. 511, 66 So.2d 768; Gadsden Bowling Center v. Frank, 249 Ala. 435, 31 So.2d 648, 172 A.L.R. 1430; Smith v. Maya Corp., 227 Ala. 6, 148 So. 621; Ashe-Carson Co. v. Bonifay, 147 Ala. 376, 41 So. 816.

■ Ground 2 is likewise without merit. "We need not stop to consider whether the cross-bill contains equity since inadequacy of legal remedies is not an essential element of a cross-bill." Gadsden Bowling Center v. Frank, 249 Ala. 435, 31 So.2d 648, 650.

■ The equity of the bill can be based upon the aspect that an equitable lien or mortgage was created under the facts alleged in the cross-bill, which on demurrer are taken as true.

■ In order for an equitable mortgage to exist, it is essential that the mortgagor have a mortgageable interest in the property sought to be charged as security; that there be clear proof of the sum which it was to secure; that there be a definite debt, obligation or liability to be secured, due from the mortgagor to the mortgagee; and the intent of the parties to create a mortgage, lien or charge on property sufficiently described or identified to secure an obligation. Barnett v. Waddell, 248 Ala. 189, 27 So.2d 1; Pollak v. Millsap, 219 Ala. 273, 122 So. 16, 65 A.L.R. 110; Jones v. Stollenwerck, 218 Ala. 637, 119 So. 844; 59 C.J.S. Mortgages §§ 13 and 15. All of these elements are present in the averments of the cross-bill.

We have held that a note pledging described land as security for the debt evidenced thereby constituted an equitable mortgage enforceable in equity, Barnett v. Waddell, 248 Ala. 189, 27 So.2d 1; that a written instrument may be an equitable mortgage when it contains no words of conveyance passing legal title to mortgaged property in praesenti or when it makes a present conveyance of property without expressing mortgage features in it, but only in a parol agreement, Moorer v. Tensaw Land & Timber Co., 246 Ala. 223, 20 So.2d 105; and that a mortgage, not witnessed nor acknowledged, and not meeting the requirements of a legal mortgage, operated as an agreement to mortgage and thereby created an equitable lien. Rhodes v. Schofield, 263 Ala. 256, 82 So.2d 236; Bishop v. McPherson, 232 Ala. 594, 168 So. 675, 678. The latter case quotes the following from 41 C.J., § 33, 59 C.J.S. Mortgages § 13, with approval:

"Courts of equity are not governed by the same principles as courts of law in determining whether a mortgage has been created, and, generally whenever a transaction resolves itself into a security, or an offer or attempt to pledge land as security for a debt or liability, equity will treat it as a mortgage, without regard to the form it may

assume. Although the conveyance in question may lack the formal requisites of a mortgage, or be expressed in inapt or untechnical language, equity will look to substance and give effect to the intention of the parties."

 In opposing the equity of the cross-bill, appellant brings herself into conflict with the maxim that "he who seeks equity must do equity." In Grider v. American Freehold Land Mortg. Co., 99 Ala. 281, 12 So. 775, 780, 42 Am.St.Rep. 58, this court said:

"We cannot assent to the proposition that a person can obtain another's money upon the faith and assurance of a mortgage security, and, the next moment after he receives and appropriates it, go into a court of conscience, where the maxim that he who seeks equity must do equity has ever been vigorously upheld and applied, and ask that court to cancel the security as a cloud on his title, still retaining the money, and making no offer to return or repay it."

In Loxley v. Douglas, 121 Ala. 575, 25 So. 998, 999, the reason given for applying the said maxim was:

"This requirement is upon the consideration that to allow one to retain the benefits of an agreement which he repudiates, when by doing so he derives an advantage, while the uncomplaining party is subjected to loss, would be plainly inequitable."

And in Rhodes v. Schofield, 263 Ala. 256, 82 So.2d 236, 239, we said:

"It is of course well understood that when a mortgage is invalid and the mortgagor files a bill in equity to have it vacated on that account relief will be denied him unless he restores the consideration which he received from the mortgagee. Leonard v. Whitman, 249 Ala. 205, 30 So.2d 241. * * *"

The decree overruling the demurrer is due to be and is affirmed. Roberts v. Lindsey, 242 Ala. 522, 7 So.2d 82; Bishop v. McPherson, 232 Ala. 594, 168 So. 675.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.