275 So.2d 135

**Mary Frances NEWTON**

**v.**

**Ernest Edward ROE.**

**SC 43.**

Supreme Court of Alabama.

March 22, 1973.

George S. Brown, Birmingham, for appellant.

H. E. Holladay, Pell City, for appellee.

JONES, Justice.

This is an appeal from a final decree denying the relief sought by the complainant-appellant, Mary Frances Newton, and granting the affirmative prayer of the respondent-appellee, Ernest Edward Roe's cross-bill.

The bill of complaint which originated this suit was a bill for the sale of land for division. The bill averred that the complainant and the respondent were each the owner of an undivided one-half interest in a particularly described 79-acre tract of real property situated in St. Clair County, Alabama. A deed was attached to the bill as an exhibit which showed that on January 30, 1957, one J. J. A. Roe conveyed the subject realty to Ernest Edward Roe and wife, Mary Frances Roe. The bill further averred that complainant was formerly known as Mary Frances Roe at a time when she was married to the respondent; that she and the respondent were divorced in 1963 and since that time the respondent has been in possession of the subject real estate without paying complainant any rent thereon. The bill prayed that upon a final hearing the court enter a decree ordering the subject property sold for division; an account had between the parties of accrued rents and profits; and a reasonable solicitor's fee be allowed complainant from the proceeds of the sale.

Respondent denied in his answer that the complainant had any title or interest in or to the subject property and stated further that at the time of their divorce the complainant and the respondent entered into a property settlement agreement wherein and whereby it was agreed that the complainant would receive title to their house and

lot, and that the respondent would receive exclusive title to the 79-acre tract which is the subject of this action. In his answer, the respondent also stated that at the time of the divorce settlement he signed a deed conveying his entire interest in the family residence to the complainant, and that she did likewise convey her entire interest in the subject realty to the respondent but that said latter deed has since been lost. Respondent's answer also contained what could be considered a cross-bill, which prayed that the court decree that the complainant had no right or interest in the subject property and that exclusive title to the subject realty be quieted in the respondent.

After a hearing ore tenus, the trial court found and decreed essentially as follows:

". . . the Court finds that at the time of the divorce between complainant and respondent . . . it was intended to have been a full and final property settlement between the parties, and that as part of said property settlement the complainant received title to the home and the property upon which same was situated, together with other property, and that as part of the divorce settlement that the respondent was to have received the . . . property subject to these proceedings and that due to an oversight on the part of the attorneys representing the complainant and the respondent in said cause, complainant never executed a deed conveying her interest in said property to the respondent in compliance with the property settlement agreement. Therefore, upon consideration of said testimony and evidence in said cause the Court is of the opinion that the relief prayed for by complainant should be denied, and that the title to said property should be vested in the respondent, Ernest Edward Roe; it is therefore

"ORDERED, ADJUDGED and DECREED by the Court that the complainant, Mary Frances Newton, has no right, title, interest and claim in and to . . .

[Description of property]

and that all her right, title, interest and claim be and is hereby divested out of said land.

"It is further ORDERED, ADJUDGED AND DECREED by the Court that the title in fee simple to the above lands be and the same is hereby quieted and is decreed to be vested in Ernest Edward Roe."

There are six assignments of error all of which are related and which take the following points: (1) the trial court erred in revising or amending a 1963 divorce decree over which it had lost jurisdiction; (2) the trial court erred in holding that a provision existed in a property settlement which was not embodied in the final decree of divorce; and (3) the trial court erred in divesting complainant of her interest in the property and quieting title to same in the respondent.

Upon a careful review of the record in this case, we are at the conclusion that appellant's assignments of error are not well taken. We are unable to agree with appellant's contention that the final decree rendered by the trial court constitutes a revision or amendment of a prior decree. The language of the instant decree certainly does not purport to alter a prior decree in any way and we find no basis in law or fact to so construe said decree.

As to the question of jurisdiction, the appellant herself invoked the jurisdiction of the equity court when she filed her bill for sale and division. She cannot complain that the trial court lacked jurisdiction to render the decree now that the Court has ruled adversely. The equitable maxim that "he who seeks equity must do equity" has long been recognized and approved by this Court. Murphy v. Carri-

gan, 270 Ala. 87, 116 So.2d 568; Rhodes v. Schofield, 263 Ala. 256, 82 So.2d 236; Loxley v. Douglas, 121 Ala. 575, 25 So. 998; Grider v. American Freehold Land Mortgage Co., 99 Ala. 281, 12 So. 775.

■ It is also well established that, when a court of equity is presented with such facts as warrant, it is fully justified to regard substance rather than form and treat as done that which ought to have been done, if such is necessary to effectuate the true intent of the parties. Coley v. W. P. Brown & Sons Lumber Co., 251 Ala. 235, 37 So.2d 125; St. Clair Springs Hotel Co. v. Balcomb, 215 Ala. 12, 108 So. 858; Hughes & Tidwell Supply Co. v. Carr, 203 Ala. 469, 83 So. 472. In Copeland v. Warren, 214 Ala. 150, 107 So. 94, the parties had attempted to execute a conveyance of property but the deed contained an incorrect description of the property to be conveyed. In holding the deed valid and allowing a reformation of the description in the deed the Court stated:

> "A court of equity treats as done that which ought to have been done to carry into effect the intention of the parties, and to that end will give effect to the transaction by fixing the status and rights of the parties *as if the deed was executed on the date it should have been executed.*" [Emphasis supplied.]

■ Applying the above stated equitable principles to the present case, we feel the evidence justified the trial court's conclusion that at the time of the divorce settlement it was intended by the parties that the respondent would be the exclusive owner of the 79-acre tract, and that such intention should be effectuated through this litigation. Indeed, the complainant's evidence, including her own testimony, fails to dispute that such were the terms of the agreement. Although complainant does not deny that such an understanding was reached between the parties, she nevertheless insists that since the same was not included in the final decree of divorce, and that no deed conveying her interest was ever executed, it is not now binding on her; and, consequently, she remains the owner of an undivided one-half interest in the property.

■ We agree with the trial court's rejection of complainant's contention; and we hold that the trial court did not exceed its jurisdiction in adjudicating the rights of the parties by divesting title out of the complainant and in the respondent in accordance with the complete settlement agreement disclosed by the testimony as if she had executed the deed on the date of the property settlement incident to their divorce. Accordingly, the judgment of the trial court is due to be and is hereby affirmed.

Judgment affirmed.

HEFLIN, C. J., and BLOODWORTH and McCALL, JJ., concur.

COLEMAN, J., concurs specially.

COLEMAN, Justice (concurring specially):

Appellant states one proposition of law in her brief, to wit:

> "THIRTY DAYS AFTER A DECREE IS ENTERED (EXCEPT FOR CLERICAL ERRORS), THE COURT LOSES ALL POWER TO MODIFY IT EXCEPT UPON THE TIMELY FILING OF AN APPLICATION FOR REHEARING OR A BILL OF REVIEW OR A BILL IN THE NATURE OF A BILL OF REVIEW."

Appellant's argument, as I understand it, is to the effect that the trial court erred in rendering the decree from which this appeal was taken for the reason that the instant decree is indirectly and in effect a modification of the divorce decree rendered in 1968.

The instant suit is a suit for sale of lands for division of the proceeds among

the owners of the land. I am of opinion that the instant suit is not a proceeding to modify the divorce decree and, therefore, that the objection urged by appellant is not well taken. No other objection being urged by appellant, I concur in affirmance.