Agnes Hall seeks to have certain unencumbered property declared subject to an equitable mortgage and thereby foreclose on the property in order to recover the unpaid balance of the property's purchase price. The trial court entered summary judgment in favor of defendants K.C. Livesay and Myrtice Livesay. We affirm.
A review of the pleadings, affidavits, and exhibits show the facts to be as follows: On 9 August 1982, Hall deeded a parcel of land located in Covington County, valued at $25,000, to Clarice Shaffer. The consideration for this conveyance, recited by the deed, was $10 and "other valuable consideration." Additionally, the deed contains the following language: "The real consideration of this deed is payment of mortgage to Colonial Mortgage Company in the amount of $5,739.83."
On the same day, Shaffer executed and delivered to Hall an unsecured promissory note in the amount of $19,260.17. This note was payable on, or before, 9 February 1983 and was attested by two witnesses, one being a defendant in this action, Myrtice Livesay.
Prior to (or about) 9 August 1982, K.C. Livesay loaned Shaffer, a codefendant in this action, the sum of $8,000. According to the affidavit of K.C. Livesay, the loan was made in order to assist Shaffer in purchasing the property from Hall.
On 7 September 1982, and subsequent to satisfaction of the Colonial mortgage, Livesay obtained from Shaffer, who was then the owner of record, a mortgage encumbering the property in the amount of $8,000. This mortgage was intended to secure the $8,000 loan which was previously extended to Shaffer and which was due on 9 February 1983.
On 9 February 1983, Shaffer defaulted on all obligations to both Hall and Livesay. On 22 February 1983, Shaffer, by warranty deed, conveyed all of her rights, title, and interest in the Covington property to K.C. Livesay and his now deceased wife, Myrtice Livesay. The deed was recorded on 25 February 1983 in the Covington County Probate Court.
Hall subsequently filed suit against Shaffer, K.C. Livesay, and Myrtice Livesay. All counts of the original complaint were dismissed for failure to state a cause of action. In an amended complaint, Hall averred that all three defendants were parties to the sale of the Covington property and that an equitable mortgage of the property was created by their actions. Accordingly, as relief, plaintiff, Hall, seeks inter alia a decree declaring an equitable mortgage on the Covington property and that she be allowed to foreclose on that mortgage.
A default judgment for the unpaid balance of the purchase price, interest, and attorney's fees was entered against defendant Clarice Shaffer. Summary judgment, however, was entered against the plaintiff and in favor of defendants K.C. and Myrtice Livesay. Hall appeals.
The single issue presented is whether the pleadings, affidavits, and exhibits, when viewed in a light most favorable to Hall, raise any genuine issue of material fact concerning the creation of an equitable mortgage between Hall and K.C. or Myrtice Livesay.
To prove an equitable mortgage, it must be shown that: (1) the mortgagor has a mortgageable interest in the property sought to be charged as security; (2) a definite debt is due from the mortgagor to the mortgagee; and (3) the intent of the parties is to secure the debt by mortgage, lien, or charge on the property.Murphy v. Carrigan, 270 Ala. 87, 91, 116 So.2d 568 (1959);Barnett v. Waddell, 248 Ala. 189, 194, 27 So.2d 1 (1946); Jonesv. Stollenwerck, 218 Ala. 637, 119 So. 844 (1928).
The record in the case at bar is completely devoid of any evidence that either *Page 495 
of the Livesays ever entered into any agreement, of any nature, with Hall. Accordingly, there is no debt between Hall and Livesay which an equitable mortgage would secure. Thus, an equitable mortgage between Hall and either K.C. or Myrtice Livesay, as a matter of law, was not created.
Based on the foregoing, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.