·Davis v. Cross.

14L  637
117  743

## ROBERT DAVIS et al. v. H. C. CROSS.

DEED. *Delivery. Registration.* A deed of gift of real and personal property, containing the following clause: "This deed will be delivered to a friend for safe keeping, with directions to deliver at such time as I may direct," was acknowledged for registration and delivered to a third person enclosed in a sealed envelope with written directions to open the package immediately after the death of the grantor, and deliver to the recorder of the county for record, which directions were followed. *Held,* that there was no delivery of the deed until it was handed to the register, and that an intermediate conveyance by deed of gift of part of the same realty, acknowledged for registration, and delivered to the grantees, together with the possession of the property, would take priority, although not registered until after the first deed.

### FROM SHELBY.

Appeal from the Chancery Court at Memphis. W. W. McDOWELL, Ch.

WEATHERFORD & ESTES for complainants.

C. W. FRAZER for defendant.

COOPER, J., delivered the opinion of the court.

Ejectment bill, both parties claiming under deeds of gift executed by the same person. The chancellor decreed in favor of the complainants, while the Referees have reported in favor of the defendant. The complainants alone except to the report.

The contest, as it comes before us on the exceptions, is one of title, the point being whether there was a valid delivery to the defendant of the deed under which he claims. That deed is dated Novem-

Davis v. Cross.

ber 5, 1874, was acknowledged on the same day by the grantor before the clerk of the county court as well as attested by witnesses, and was noted for registration on September 13, 1880, the day after the grantor's death. The deed to the complainants is for about twenty-nine acres, part of the land described in the defendant's deed, bears date May 2, 1879, was acknowledged by the grantor on the 20th of the same month, and was noted for registration on the day after the grantor's death, but several hours subsequent to the noting of the defendant's deed. The title of the defendant is therefore, if good by delivery before registration, older than the title of the complainants, and first registered.

M. S. Brooks, the common grantor, was an old man, and resided on the farm described in the deed to the defendant at the date of that instrument, and continued to live there until his death. The defendant was a nephew of the grantor, and living with him when the deed was signed, but shortly afterwards left him, removing to Massachusetts. The complainants were the children of a negro foreman or manager of the grantor's farm for several years, who died in 1877. The grantor surrendered to the complainants the possession of the land conveyed to them after the execution of the deed, and it was rented out for them by the eldest of the children for the year 1880. The deed was delivered to the eldest of the children, then about seventeen years of age. The defendant obtained possession of this land, after the death of the grantor, by collusion with the tenant.

The deed to the defendant purports to convey to him the whole of the testator's farm, consisting of 150 acres, "together with all and singular the household and kitchen furniture, pictures, paintings, growing crops, tools and farming utensils of every description, eight mules, three horses, twelve cows and calves, and the stock of hogs and sheep on said place." It is, in form, an absolute conveyance, without any reservation in favor of the grantor, but contains at the end the following clause: "This deed will be delivered to a friend for safe-keeping, with directions to deliver at such time as I may direct." It contains, therefore, positive evidence on its face that it was not intended to be delivered to the grantee at that time. It was in fact delivered to A. G. Dennis, one of the attesting witnesses, he thinks by the defendant, enclosed in a sealed envelope, with the following endorsement written by the defendant, but signed by the grantor: "H. Clay Cross—private papers. A. G. Dennis is alone desired to open this package immediately after my death, and examine papers, and where records of them have not been made, for A. G. Dennis to immediately deliver them to recorder of Shelby county for record. M. S. Brooks." The deposition of Dennis is taken, and he says: "I think Mr. Brooks or some one else told me that he intended to have put the deed to record himself, but had been advised that inasmuch as he intended the place as a permanent and final home for himself, he ought to retain the deed or title as long as he lived, and had in this view given the direction on the back of the en-

velope." The lawyer, who drew the deed at the instance of Mr. Brooks, testifies that the intention of the grantor was to register at once, but that this intention was abandoned at his, the lawyer's suggestion, whereupon the clause quoted above was added to the deed. Dennis testifies further, that some months, possibly a year, before the grantor died, he called upon him for the package enclosing the deed, together with some scrip of his which the witness had, and the witness delivered it and the scrip to him. After the grantor's death, witness went to his house and took possession of his papers, and among other things of the deed to defendant, which he found in a locked closet up stairs, enclosed in the same envelope, and sealed up as when first delivered to him. The witness took the deed to the register's office, and caused it to be registered.

The deed, as we have seen, shows upon its face that it was not intended to be delivered at the time of its acknowledgment. But it also shows that it was to be delivered to a friend with directions to deliver it to the grantee at such time as the grantor "may direct." And the proof shows that the deed was accordingly delivered to a friend with written directions to open the package "immediately after his death," and deliver the same for registration "immediately." The testimony leaves no doubt that the grantor considered he had done all that was necessary to perfect the deed as a gift except to register it, and that registration would complete the gift. He accordingly gave the necessary directions in writing.

Davis *v.* Cross.

Although registration alone will not establish a deliv-
ery, yet registration with any act or declaration of
the grantor evidencing his intent that the instrument
should then take effect as a deed, and that he had
done all that' he thought necessary for the purpose,
would be sufficient: *McEwen* v. *Bamberger,* 3 Lea,
579; *McEwen* v. *Troost,* 1 Sneed, 191. The fact that
the grantor ·resumed possession of the deed, or even
retained possession all the time, would not change the
result if the circumstances all indicate that the ᵥorigi-
nal intention continued: *Ledgerwood* v. *Gault,* 2 Lea,
643. And the keeping of the papers in the same
sealed package, and with the original indorsement,
would ordinarily establish a continuance of the intent.

The witness, Dennis, says in relation to his sur-
rendering the deed to the grantor: " I did not feel
quite right in giving it up to him, and told him he
ought to stand up to Cross; he gave me some excuse,
said he had a name wrong in another deed, and
wanted to make some change some way." The grantor
did, therefore, have a purpose in resuming the posses-
sion of the instrument and his direction on it. That
purpose was, as the conveyance to the complainants
plainly shows, to reduce the gift of land to the de-
fendant by the amount deeded to 'the complainants.
And the question is whether he has legally accom-
plished his purpose.

A delivery of a deed to the grantee is, of course,
essential to perfect his 'title, and deprive the grantor
of his interest in the property: *Brevard* v. *Neely,* 2
Sneed, 165. It is clear that Brooks, by the deed

41—VOL. 14.

to the defendant, never did part with his title to either the real or personal property mentioned in that deed. The gift was not perfected by a change of possession of the property, or by a completed conveyance in lieu thereof. It was and could only be an executory contract, without consideration, until actual delivery. It follows necessarily that he could, in the meantime, make a valid gift to a third person of any portion of the property; and that is what he did by the conveyance of part of the land to the complainants. The gift to the complainants having been perfected by delivery of the deed to them, and putting them in possession of the property, the subsequent delivery of his deed to the defendant could not affect that title, there being in fact no valid legal gift to the defendant until the registration of the defendant's deed, treated as a delivery. The witness, Dennis, admits that he saw the deed to the complainants before he registered the defendant's deed. And the possession of the complainants under their deed was notice to the defendant of their right. Under these circumstances the title of the complainants is the better title: Code, sec. 2030, sub-sec. 6; 2072, 2074, 2075: *Fitzpatrick* v. *Ward*, 5 Lea, 434; *Worley* v. *State*, 7 Lea, 385; *Macon* v. *Sheppard*, 2 Hum., 335.

The exceptions to the report of the Referees must be sustained, and the decree of the chancellor affirmed with costs.