# Amos v. Givens, *et al.*

## Ejectment.

(Decided January 23, 1913. 60 South. 829.)

1. *Mortgages; Record; Instruments Entitled to.*—An instrument conveying or transferring from a debtor to his creditor, as collateral security, mortgages held by the debtor, attached as exhibits to the transfer, conveys such an interest in the mortgages as authorizes the transferee to have such instrument recorded.

2. *Same; Failure to Index.*—The fact that a mortgage was not properly indexed, or that it was not indexed at all, does not affect the constructive notice which its filing for record and recording gives of its existence under the registration statute.

3. *Same; Privilege Tax; Failure to Collect.*—A mortgage filed for record and actually recorded operates as notice under the registration statutes, although the judge of probate may have failed to collect the legal fees on its being filed; such fees being a privilege tax for the purpose of raising revenue.

APPEAL from Escambia Circuit Court.

Heard before Hon. A. E. GAMBLE.

Ejectment by E. N. Amos against J. A. Givens and others. Judgment for defendants, and plaintiff appeals. Affirmed.

The facts are: That Peter Gray was the owner of 120 acres of land described in the complaint, and that in December, 1905, he executed, with his wife, a mortgage thereon to Joseph H. Givens & Co. This mortgage was filed November 16, 1909. On the 6th day of January, 1906, Givens & Co., as a partnership and as individuals, with their wives, entered into a written instrument conveying, as collateral security for a loan made them by S. W. Elliott, certain notes and mortgages, among them being the mortgage from Gray and wife to Givens & Co., which instrument, together with the exhibits was filed for record and recorded January 27, 1906, in Mortgage Record V. That on the 18th day of December, 1909, Givens & Co. foreclosed the mortgage, and C. C. Brooks bought in the lands and received a deed thereto in the name of the executor of Joseph H. Givens and of J. A. Givens, members of the firm of Givens & Co., and that on the 5th day of February, 1910, Brooks executed a deed conveying the land to said James A. Givens, neither of which said last deeds have been recorded. On the 6th day of February, 1906, Peter Gray and his wife executed to Robbins & McGowan Company a mortgage on the same land, which mortgage was recorded on February 15, 1906, in the proper probate office. That on the 27th day of March, 1907, Robbins & McGowan Company transferred this mortgage to E. N. Amos, and on the 5th day of March, 1907, Gray and wife executed another mortgage to E. N. Amos on the same land, which mortgage was filed and recorded March 5, 1907, and on the 6th day of July, 1910, Amos

foreclosed the two mortgages respectively, and Edwin C. Page was named the purchaser at said foreclosure sale, and deed was executed to him, which was filed for record on July 6, 1910. On July 14, 1910, Page and wife executed a deed to this land to E. N. Amos. There is some dispute as to the payment of the privilege tax; Amos claiming to have paid his, and claiming that Elliott and Givens did not pay the probate taxes when their mortgage was recorded. On this evidence the court gave the general affirmative charge for the defendant.

RABB & PAGE, for appellant. The instrument from Givens to Elliott did not purport to be and was not anything more than a transfer or pledge of the securities as a collateral security for their debt to Elliott and hence was not authorized under any of our statutes to be recorded.—*Garrett v. Fernald,* 57 South. 671. Hence the recording of the transfer did not charge Amos with the notice of anything.—*Monroe v. Hamilton,* 60 Ala. 226; *Sheridan v. Schrimpf,* 120 Ala. 475. As the mortgage from Gray to Givens was not otherwise filed than as an exhibit to the instrument executed by Givens to Elliott its filing thus was not notice to any one of anything. It indisputably appears that while the privilege tax was collected on the face value of the instrument of assignment, no tax was collected upon the face value of the mortgages put up as collateral security which shows clearly that there was no intention on Elliott's part to record the mortgage attached as an exhibit.—*T. C. I. & R. R. Co. v. Gardner,* 131 Ala. 601; *Winston v. Hodges,* 102 Ala. 304.

LEIGH & LEIGH, and LEIGH & CHAMBERLAIN, for appellee. The mere filing of the mortgage for record

without more gave notice whether the judge of probate ever fulfilled his duty and had it recorded or not.—*Truss v. Harvey*, 120 Ala. 636; *Owensboro Co. v. Bliss*, 132 Ala. 253; *Mims v. Mims*, 35 Ala. 23; 60 Am. Dec. 705; 15 Am. St. Reps. 288; 15 N. E. 713; 73 Pac. 1018. The instrument offered was entitled to registration and was received and filed as such.—Section 3368, Code 1907. The failure to collect the privilege tax could not have the effect of depriving the instrument of constructive notice.—3 Words & Phrases, 2769; 25 Calif. 501. Before appellant can successfully assert the doctrine of bona fide purchaser he must show that he paid a valuable consideration for at least one of the transactions.—*Hodges v. Winston*, 94 Ala. 516; *Chipman v. Brennan*, 98 Ala. 263.

DE GRAFFENRIED, J.—This was an action of ejectment, and the plaintiff (appellant here) and the defendants (appellees here) claim title through Peter Gray.

On the 19th day of December, 1905, Peter Gray and wife executed a mortgage on the lands sued for to Joseph Givens & Co. to secure an indebtedness described in the mortgage. On January 6, 1906, Joseph Givens & Co. became indebted to S. W. Elliott, and to secure that indebtedness executed to Elliott their note and a written instrument, whereby they transferred and assigned unto Elliott, as collateral security, three mortgages which were attached as Exhibits A, B, and C to said written instrument of transfer. One of these mortgages so transferred and assigned as collateral security was the above-described mortgage, and that mortgage was Exhibit C to said written instrument of transfer. On the 27th day of January, 1906, Elliott filed for record in the probate office of the county in which the

lands in question are situated the said written instrument of transfer, of which said Exhibits A, B, and C formed a part, and said instrument, along with the said Exhibits A, B, and C was duly recorded. Exhibit C. was not indexed as a mortgage from Gray to Joseph Givens & Co. The index of the entire matter simply showed the recording of an instrument from Joseph Givens & Co. to S. W. Elliott, but the mortgage from Gray to Joseph Givens & Co. was recorded as said Exhibit C.

The privilege taxes for filing the mortgages A, B, and C were, under our statutes, $2.40, but the probate judge, according to the indorsement on the papers, collected only $1.80, which was the exact amount of the privilege tax that under our statutes was collectible for filing an instrument for record, securing an amount equal to the indebtedness from Joseph Givens & Co. to S. W. Elliott, and which the said collaterals were given to secure. It is conceded by the defendants that, if the filing and recording of the above mortgage under the above circumstances was a recording of the mortgage under our registration statutes, then the plaintiff was entitled to recover. If not, then the defendants claim that they were entitled to recover.

At the time the mortgage was filed for record, Elliott was, by a proper and legally executed instrument, the owner of such an interest in the mortgage as authorized him to have it recorded. While the mortgage was filed as a part of a certain instrument of transfer, nevertheless that mortgage was on the 26th day of January, 1906, filed in the probate office for a specific purpose, viz., for the purpose of having it spread upon the records. It was, of course, the duty of the judge of probate, when he received that mortgage for record, to collect that tax which the law required him to collect

from the party filing it, for the privilege and the protection which the law, through its registration statutes, afforded him, but the fact that the probate judge, through mistake or otherwise, did not make the proper collection, did not invalidate the filing of the mortgage or the receiving of it. The probate judge received the mortgage for record and duly recorded it, and he was, of course, liable for the tax which he failed to collect. The privilege tax which is required by the law to be paid upon the filing of a mortgage for record is a provision for raising revenue, and a mortgage which is filed for record and actually recorded operates as notice under our registration statutes although the judge of probate may fail to collect the fees which the law requires him to collect upon the filing of the same for record.—*Sunflower Lumber Co. v. Turner Supply Co.,* 158 Ala. 191, 48 South. 510, 132 Am. St. Rep 20.

The fact that the mortgage was not properly indexed, or was not indexed at all, in no way affected the constructive notice which its filing for record gave of its existence under our registration statutes.—*Chapman & Co. v. Johnson,* 142 Ala. 633, 38 South. 797, 4 Ann. Cas. 559; *Eufaula National Bank v. Pruett, et al.,* 128 Ala. 470, 30 South. 731; *Carter v. Tennessee Coal & Iron Co.,* 180 Ala. 61 South. 65. The trial judge, under the evidence in this case, properly gave to the jury, at the written request of the defendants, the affirmative charge in their behalf.

There is no error in the record, and the judgment of the court below is affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and MAYFIELD, JJ., concur.