(121 So. 33)

## R. P. HARRIS MOTOR CO. v. BAILEY.
### (7 Div. 876.)

Supreme Court of Alabama. March 21, 1929.

C. W. McKay, of Ashland, for appellee.

Hardegree & Cockrell, of Ashland, for appellant.

ANDERSON, C. J. The plaintiff had a prior mortgage on the truck in question to that of the defendant, and, as the same had been recorded, the defendant had constructive notice of same. The plaintiff's mortgage described a Ford truck of a certain motor number, and the number so appeared when plaintiff took his mortgage, but before defendant took its mortgage, the mortgagor removed the motor and placed one of another number in the truck. It is suggested, however, by counsel for appellant that defendant should not be charged with notice of plaintiff's mortgage, for the reason that the motor number given in plaintiff's mortgage was a different number from the motor number appearing upon the motor as a part of the truck when defendant took its mortgage. This may be true, but the mortgage conveyed a Ford truck, and, notwithstanding it was described by the motor number, we cannot say that the registered conveyance did not, as matter of law, operate to put a purchaser from the mortgagor on notice which, if followed up, would have led to the information that the truck in question was the one covered by the plaintiff's mortgage. The motor was but a small part of the truck subject to change and replacement, and the mortgage on a Ford truck, though of a different motor number, may have suggested to a prudent man, in dealing with the mortgagor, the inquiry as to whether or not the mortgagor had another Ford truck bearing the number described, and, if he did not, that the truck in question was the one covered by the mortgage. At least, this was a question for the trial court, sitting as a jury, and who saw and heard the witnesses, and we cannot say the conclu-

sion was contrary to law or the great weight of the evidence.

■ "A purchaser of property conveyed by mortgage seasonably recorded is chargeable with knowledge of all that the record states, and with all that would be discovered by any inquiry reasonably suggested thereby; while a description in a recorded mortgage, good as between the parties, may be insufficient to deprive a buyer of the mortgagor to assert his rights as a bona fide purchaser, yet it is not every inaccuracy of description that will have this effect." Stickney v. Dunaway & Lambert, 169 Ala. 464, 53 So. 770.

■ We do not understand that the defendant, by furnishing and placing another motor in the truck, constituted it a joint owner or tenant in common of the truck. He may have a lien for same under section 8863 of the Code of 1923, but, whether claimed under a lien or mortgage, its claim was subordinate to plaintiff's mortgage, the trial court having in effect found that defendant was chargeable with notice of same. Walden Co. v. Mixon, 196 Ala. 346, 71 So. 694.

"As a general rule, the increment of and accessions to, the mortgaged property belong to the mortgagee." 11 C. J. p. 501, and cases cited in note. There may be an exception when the repairs are so radical and extensive as to change the identity of the original chattel, but here the change of the motor was but one of the parts or appliances of the truck.

■ The trial court found, in effect, that the plaintiff's mortgage was superior to the defendant's claim, and the defendant converted the truck when taking it from the plaintiff's agent or bailee in Clay county, and it was suable in said county. Section 10467 of the Code of 1923.

■ This is an action of trover, and the amount involved was less than $100, and the justice of the peace in the county in which the tort was committed had jurisdiction, regardless of the residence of the defendant. Subdivision 2 of section 8704 of the Code of 1923. See, also, section 8711.

The case of Atkinson v. Wiggins, 69 Ala. 190, supports rather than opposes this holding. That case involved an attachment, and, while the court held that the statute did not apply to attachments, it was stated that it applied to suits by summons, such as we have here, and which said statute, like the present one, required suits to be brought in the precinct of the defendant's residence or in the precinct in which the debt was contracted or in which the cause of action arose. The statute considered in this case was section 3606 of the Code of 1876, being section 8711 of the Code of 1923.

The case of Read v. Coker, 1 Stew. 22, involved the Act of 1807, a very different statute from the present one and the one considered in Atkinson v. Wiggins, supra.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.