6 So.2d 19

### BLOCKER v. BOYD.

#### 4 Div. 220.

Supreme Court of Alabama.
Jan. 15, 1942.

Rehearing Denied Feb. 19, 1942.

J. C. Fleming and Eris F. Paul, both of Elba, for appellee.

C. B. Fuller, of Andalusia, and J. M. Rowe, of Elba, for appellant.

THOMAS, Justice.

The bill sought injunction to prevent foreclosure of mortgage alleged to have been purchased from the bank by appellant-respondent. The pleadings are as follows:

In the original bill the appellee, who was the complainant in the court below, claimed to be in possession of, and to own, the property involved herein. According to the allegations of the complaint appellee's claim is based upon a mortgage executed by O. A. Ellis and his wife to the First National Bank of Elba. It is alleged in the complaint that the mortgage was executed in 1926 and was renewed from time to time until 1931, the renewals being executed to the First National Bank of Elba as the mortgagee. The bill further alleges

that complainant purchased the note and mortgage from the First National Bank of Elba; that he later delivered the note and mortgage to C. W. Mizell as security for an indebtedness owing by complainant to the said Mizell; that while the same was in the possession of the said Mizell the mortgagors, O. A. Ellis and wife, renewed it by executing a renewal mortgage to the said Mizell; and that this renewal mortgage, given by the mortgagors to C. W. Mizell was, on the 13th day of February, 1933, duly assigned and transferred to complainant. It is alleged that, on the same day of this last mentioned transfer and assignment, O. A. Ellis and wife, the original mortgagors conveyed the property herein involved by deed to complainant, and that complainant has been in possession of the same since said deed was executed and delivered.

The bill further alleges that respondent, who is the appellant here, claims to be the owner of the original mortgage executed by O. A. Ellis and wife to the First National Bank of Elba, Alabama, dated January 12, 1926, his claim being based upon a transfer of the same by the said bank to him on the 14th day of January, 1926. As to this transfer, the bill alleges (1) that no such transfer was made by the bank to the respondent; (2) that the respondent paid no consideration to the bank for such transfer; and (2) that respondent does not now have the note and mortgage which he claimed to have been transferred to him in his possession or under his control, but that the only evidence of the transfer was a marginal notation of the same on the mortgage record where the mortgage is recorded. As to this marginal record of the transfer of the mortgage, the bill alleges that (1) it is a forgery, (2) it purports to have been placed on the record on January 14, 1926, whereas, it appears on its face to have been placed thereon subsequent to a flood which visited the City of Elba on March 14, 1929, and that (3) the person who purported to have signed said transfer, namely, G. F. Gunter, whose name appeared thereon as cashier of the First National Bank of Elba, Alabama, was not cashier of said bank at the time and did not sign said transfer as the same appears on the margin of the record.

The bill further avers that the respondent is attempting to foreclose the original mortgage. It prays (1) a temporary injunction restraining the foreclosure, (2) the transfer on the margin of the record purporting to transfer the note and mortgage from the First National Bank of Elba to the respondent be determined to be a forgery and be stricken or canceled of record as a cloud on the title of complainants; and (3) for general relief.

Respondent by answer and cross-bill sets up his claim to the property based upon the original mortgage executed by O. A. Ellis and wife to the First National Bank of Elba on the 12th day of January, 1926, and a transfer of the same to him by the said First National Bank of Elba.

The decree was to the effect that the complainant, appellee, was entitled to the relief prayed for in the bill, that the transfer of the mortgage dated January 12, 1926, from the First National Bank of Elba to E. F. Blocker was falsely made and entered and was void, and that the complainant, appellee, is the lawful owner of the legal title of the property. The decree gave specific instructions to the Register to cancel the transfer of the mortgage by the First National Bank of Elba to appellant, and made permanent the temporary restraining order theretofore entered, enjoining appellant from foreclosing his mortgage. This appeal is from that decree.

Several propositions of law, in a case like this, which are well understood are as follows:

█ The power of sale in the mortgage passes with the debt, on the assignment of the note secured by the mortgage, and when the power is exercised it has the effect of a foreclosure in equity where all parties are present. Code 1940, T. 47, § 164; Code of 1923, § 9010; Federal Land Bank of New Orleans et al. v. Branscomb, 213 Ala. 567, 105 So. 585.

█ An instrument whereby debtor transfers to creditor, as collateral security, mortgages held by debtor, which are attached as exhibits to transfer, conveys such an interest in the mortgages as authorizes the transferee to have the instrument recorded. Amos v. Givens, 179 Ala. 605, 60 So. 829.

█ The recording in the proper office of any conveyance of property or instruments which may be legally admitted to record, operates as notice of the contents of such conveyance, or instruments without any acknowledgment or probate thereof as required by law. Code 1940, T. 47, § 102, Code 1923, § 6860. That is to say

that the notice of recording of mortgages runs to all subsequent purchasers and mortgagees. Hendley v. First Nat. Bank of Huntsville, 235 Ala. 664, 180 So. 667.

■ Whatever is sufficient to put one on his guard and call for inquiry is notice of everything to which inquiry would lead. Equitable Life Assurance Soc. of the United States v. Welch, 239 Ala. 453, 195 So. 554; Veitch v. Woodward Iron Co., 200 Ala. 358, 76 So. 124; Cole v. Birmingham Union Ry. Co., 143 Ala. 427, 39 So. 403; Gamble v. Black Warrior Coal Co., 172 Ala. 669, 55 So. 190; Wood v. Carpenter, 101 U.S. 135, 25 L.Ed. 807.

The question of fact, necessary to a right decision, is presented by the respective insistences of counsel as to the effect of the evidence. Here there are two alleged transferees claiming title to real property by reason of alleged transfers of mortgages from the same mortgagee, the First National Bank of Elba. One of the mortgages is the original executed on or about the 12th day of January, 1926, under which appellant claims title. The other is a mortgage executed by the same mortgagors to said bank after the original mortgage is alleged to have been transferred by the mortgagee to appellant. The two transactions are said to have been presented by the attempt on the part of mortgagee to take a renewal and security for the original mortgage and debt. It is urged that the mortgage transferred and assigned to appellee by said bank does not show on its face that the same was a renewal of the mortgage executed on January 12, 1926. It is insisted by appellant that there is no evidence to prove this important fact of a due transfer.

We advert to the holding in Federal Land Bank of New Orleans et al. v. Branscomb, 213 Ala. 567, 105 So. 585, 587, supra, wherein the court recognized a distinction in the case where the note is non-negotiable from the one in which the note is duly negotiable. The court said: "We are here dealing with the rights of a third person who not only did not know of an assignment, but had no knowledge of the existence of the negotiable note set up by complainant."

In that case the mortgage under consideration had been satisfied of record by a marginal satisfaction entered by the owner of the mortgage. In the instant case no satisfaction of record is shown. On the other hand, the record of an alleged assignment by the mortgagee to appellant appears on the margin of the record itself.

The mortgage and note are of the type contained in a single instrument, both being recorded. Such facts are made to appear from the record of the mortgage in the Probate Office at Elba at the time appellee acquired the instrument upon which he bases his claim of ownership to the property.

■ At that time there was no statute authorizing or requiring the recordation of transfers or assignments of mortgages. This was required by the General Acts of 1927, p. 496, approved September 9, 1927, Code 1940, Tit. 47, § 95. (The General Acts of 1927 make the date Sept. 9, 1929, but this is conclusively a typographical error.) In Section 1 are the words: "* * * Their filing for registration shall constitute notice of their contents." In Section 2 it is provided that the act shall not be construed as suspending or repealing any other laws effective in Alabama relative to the subject-matter herein, but shall be held and construed to be cumulative. This provision had in mind that authority for recording transfers or assignments of mortgages had been recognized in our adjudicated cases prior to the enactment of the statute. See Amos v. Givens, 179 Ala. 605, 60 So. 829, supra.

With the aid of witnesses, the flood soaked record was interpreted to show the assignment of the mortgage executed by O. A. Ellis and wife to the First National Bank of Elba, dated January 14, 1926, and purports to have been recorded on the margin of the Record of Mortgages at some time subsequent to the record of the mortgage itself. Between that date and the date on which appellee acquired the first instrument upon which his claim is based, on the 12th day of December, 1930, the 1927 Act, adverted to above, became the law.

■ Whatever the law of notice may be as affecting this case, the appellee takes the position that (1) the mortgage executed by O. A. Ellis to the First National Bank of Elba, dated January 12, 1926, was not transferred by mortgagee to appellant; (2) the officer of the First National Bank of Elba who purports to have signed the transfer and assignment of said mortgage was not authorized so to do for the corporation; and (3) the marginal notation of the assignment of the mortgage, which appears on the margin of the record of the mortgage, was a forgery. It appears from the evidence that $2,000 was paid to the First National Bank of Elba as consideration

for the transfer of the mortgage and that the note and mortgage were delivered over to appellant, and that he placed the same in a safe owned by him which was located in his place of business at Elba where it remained until the flood visited Elba in March, 1929, and the safe was rendered unfit for further use by the flood waters. It also appears that the depository was not reopened after the flood until 1935, at which time the note and mortgage, alleged to have been transferred to appellant, together with other papers, were located therein. The papers in the safe were in such damaged condition as to permit only identification.

As to the authority of Mr. Gunter, as an officer of the bank, to execute the assignment, as a witness, he did not deny the authority or that he executed the transfer of the mortgage to appellant. He stated that he had no recollection of the transaction whatever. There is a direct and positive statement of evidence that Mr. Gunter did execute the assignment and that the mortgage and note were delivered to appellant.

As to the question of the forgery of the assignment of the mortgage and note, as the same appears on the margin of the record of the mortgage in the probate office, the appellee appears to have taken the position that the record of the assignment purported to be the original assignment. Appellant does not contend that Mr. G. F. Gunter wrote the assignment on the record of the mortgage and assigned the same as it appears there, but that the assignment was made in writing upon the original mortgage in the language appearing upon the record of the mortgage; that the original was taken to the probate office and the probate clerk, Mr. W. A. Prescott, transcribed it on the margin of the record from the original as it was written on the mortgage. G. F. Gunter, when testifying as a witness, was asked if his name written on the margin of the record was his signature, and replied that it was not. It appears from the evidence given by Judge J. A. Carnley, the Judge of Probate of Coffee County, that the whole marginal record of the assignment was in the handwriting of Mr. W. A. Prescott, who was at that time a recording clerk in the probate office but that Mr. Prescott was not in his employ after the flood. This fact shows that the marginal record of the assignment was made before appellee acquired any interest in the property and that it was on the margin of the record of the mortgage in December, 1930, when appellee acquired his right by assignment of a mortgage to him by the First National Bank of Elba. The other instruments upon which appellee bases his claim were executed in 1933.

In view of the above, there is an absence of evidence which would establish the case made by the original bill in this cause.

It affirmatively appears from this record that appellant is the owner and holder of the mortgage executed by O. A. Ellis and wife to the First National Bank of Elba, dated, towit, January 12, 1926, and that the mortgage takes priority over each and all of the instruments upon which appellee bases his claim to the property involved in this suit. It is, therefore, insisted, that the lower court erred in granting relief to appellee and denying relief to appellant as prayed for in his cross bill. Such is our conclusion from the evidence.

It results that the cause should be, and it is reversed, and the decree of the trial court is set aside, and one here entered granting the relief prayed for to the appellant.

Reversed and rendered.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.