25 So.2d 26

### PITTMAN v. PITTMAN et al.

4 Div. 388.

Supreme Court of Alabama.

Dec. 20, 1945.

Rehearing Denied March 7, 1946.

Moseley & McIlwain, of Union Springs, and Meader, Jones & Murray, of Montgomery, for appellant.

Lawrence K. Andrews and R. E. L. Cope, Jr., both of Union Springs, for appellees.

SIMPSON, Justice.

Bill in equity to cancel a deed to defendant, James Foster Pittman (appellant), as a cloud on complainants' title.

■ General demurrers were interposed assigning laches, the statute of limitations and prescription, the permissible practice if such appears from the face of the bill. Ussery v. Darrow, 238 Ala. 67, 188 So. 885; Lewis v. Belk, 219 Ala. 343, 122 So. 413. This appeal is from the decree overruling the demurrers.

■ The salient facts presented by the bill will appear in the report of the case but, boiled down, the bill makes a clear showing that pending negotiations between the complainants (who owned the reversionary interest in the property subject to the life estate of their mother) and the respondent, James Foster Pittman (who was seeking to purchase the property), the complainants entirely withdrew from the transaction and before its consummation, while the deed and mortgage were still in possession of the attorney representing the parties, so notified said attorney, who agreed to keep possession of the documents and not to deliver them; that some years later the deed was delivered to the respondent and placed of record, without the knowledge or consent and against the express wishes and request of the complainants, all of which was only recently discovered by them. These averments show cause for the relief sought and sufficiently acquit the complainants of lack of diligence.

■ To have been efficacious as a conveyance of title, delivery of the deed was an indispensable requisite. Fitzpatrick v. Brigman, 130 Ala. 450, 455, 30 So. 500; Culver v. Carroll, 175 Ala. 469, 57 So. 767, Ann.Cas. 1914D, 103.

■ The "mere deposit of a writing complete in other respects as a deed with a person other than the one named as grantee or his agent, when unaccompanied with any intention of passing title, is not a delivery such as is necessary to constitute a deed." Tarwater v. Going, 140 Ala. 273, 275, 37 So. 330.

■ The deed was subject to be, and was, recalled by the grantors before delivery to the grantee and was therefore ineffectual to divest or pass title, Culver v. Carroll, supra, 175 Ala. 469 at page 472, 57 So. 767, Ann.Cas.1914D. 103; Prutsman v. Baker, 30 Wis. 644, 11 Am.Rep. 592; Davis v. Cross, 14 Lea 637, 82 Tenn. 637, 52 Am.Rep. 177, and its delivery and recordation under the described circumstances in no way affected the complainants' instant rights unless the respondent's claim of title was brought to their knowledge for such a length of time as to place the responsibility on the complainants of contrary action to avoid the effect of laches.

■ There is no arbitrary rule as to when equity will refuse to intervene because of laches and each case turns much on its own facts. Oxford v. Estes, 229 Ala. 606, 611, 158 So. 534; Bromberg v. First National Bank, 235 Ala. 226, 178 So. 48.

There may be qualifying circumstances which will avert the application of the doctrine, as the complainant's justifiable ignor-

ance of his rights, his disability from infancy or mental unsoundness, or that he was in undisputed possession of the property, or the pendency of another suit to enforce the same right, the existence of confidential relations, estoppel of the defendant, etc. Fowler v. Alabama Iron & Steel Co., 164 Ala. 414, 420, 51 So. 393.

■ Laches is based on lack of diligence in seeking the aid of equity (Oxford v. Estes, supra, 229 Ala. page 611, 158 So. 534) and rests in large degree upon acquiescence in the assertion of adverse rights and unreasonable delay of the complainant in not asserting his own to the prejudice of his adversary; and such acquiescence presupposes notice or knowledge of a status opposed to the title or equity sought to be enforced. Haney v. Legg, 129 Ala. 619, 625, 30 So. 34, 86 Am.St.Rep. 81; Butt v. McAlpine, 167 Ala. 521, 530, 52 So. 420; Norwood v. American Trust & Savings Bank, 216 Ala. 602, 114 So. 220; Shepherd v. Kendrick, 236 Ala. 289, 181 So. 782; Dunn v. Ponceler, 235 Ala. 269, 178 So. 40; Montgomery Light Co. v. Lahey, 121 Ala. 131, 25 So. 1006.

■ Thus, laches will not preclude equitable relief unless he who seeks it has knowledge of his rights or of the claim of the opposing party or was possessed of such information as would put a person of ordinary prudence and diligence on inquiry which if followed up would reasonably lead to discovery of the situation.

■ Hence no want of diligence may be imputed to one who through no fault is without notice or knowledge of the situation which might otherwise call for earlier action.

This is our view of the case made by the bill of complaint.

■ The allegation that the delivery and recordation of the said documents were without the knowledge of the complainants in this cause and were not discovered "until recently" was not challenged by demurrer and, if it could be regarded as indefinite or a mere conclusion, was amendable to this extent. Williamson v. State, 244 Ala. 609, 14 So.2d 587. Standing unamended, the question of whether or not the discovery was of such recent origin as to preclude a bar of relief for laches will resolve itself into a question of fact should later pleading properly present the issue.

It is contended for appellant that notice of the status of the title and of the appellant's claim should be imputed to complainants because of the long past registration of the purchase-money mortgage and deed, even though recorded without the complainants' authority or knowledge.

■ The recording statutes, as constructive notice (Code 1940, Title 47, §§ 95 and 102), have no application. The notice arising thereunder applies only to those whose duty it is to search the record and no such duty devolved upon the complainants. 66 C.J. 1137, § 971, 1187, § 1042.

■ Generally, the constructive notice designed by these statutes purposes to affect subsequent parties and not those antecedent in the chain of title and "to protect innocent purchasers and creditors without notice, by preventing prejudice to them from prior unrecorded conveyances, made by those under whom they claim." Gimon v. Davis, 36 Ala. 589, 593.

Application of the principle is further illustrated in: New England Mortgage Security Co. v. Fry, 143 Ala. 637, 647, 42 So. 57, 111 Am.St.Rep. 62; Tennessee C., I. & R. R. Co. v. Gardner, 131 Ala. 599, 32 So. 622; Winters v. Powell, 180 Ala. 425, 61 So. 96; Blocker v. Boyd, 242 Ala. 345, 6 So.2d 19; Hendley v. First National Bank of Huntsville, 235 Ala. 664, 180 So. 667.

Likewise untenable is the insistence that enforcement of the equity appears from the averments of the bill to be barred by the statute of limitations and prescription.

■ The bill makes no case of adverse possession by appellant but, on the contrary, the life tenant is shown to be in the possession of the property. We follow the analogies of the law in such case and application of the principle presupposes adverse possession by the defendant. Scruggs v. Decatur Mineral and Land Co., 86 Ala. 173 (2), 5 So. 440; Waddail v. Vassar, 196 Ala. 184, 72 So. 14; Van Antwerp v. Van Antwerp, 242 Ala. 92, 5 So.2d 73; Rowe v. Bonneau-Jeter Hardware Co., 245 Ala. 326, 16 So.2d 689.

We conclude the averments of the bill set up a sufficient equity as against the asserted demurrers and that the judgment overruling the demurrers should be affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.