27 So.2d 1

**BARNETT et al. v. WADDELL.**

**8 Div. 315.**

Supreme Court of Alabama.

July 25, 1946.

Bradshaw & Barnett, of Florence, for appellants.

F. S. Parnell and R. M. Sims, both of Florence, for appellee.

SIMPSON, Justice.

Robert H. Waddell, as administrator of the estate of W. L. Waddell, deceased, sues in equity to foreclose an equitable mortgage on real estate.

The bill clearly indicates the suit to be by Waddell in his representative capacity as such administrator.

Right to the enforcement of the lien is based on a note dated June 15, 1926, signed by defendants (appellants), in which the land was "mortgaged" and "pledged" as "collateral security." The bill is to declare and close this lien.

The note pledging the property described in it as security for the debt constituted an equitable mortgage within the rule of our cases and, if genuine, was enforceable in equity as such. Bishop v. McPherson, 232 Ala. 594, on page 598, 168 So. 675, and authorities cited; Lewis v. Hickman, 200 Ala. 672 (and cases page 673), 77 So. 46; 41 C.J. 303, § 9.

The heirs of the decedent were not necessary parties. The ultimate goal of the proceeding was to collect the note as an asset of the estate, title to which was vested in the administrator. To realize on this asset was the administrator's authority and duty. Webb v. Sprott, 225 Ala. 600, 144 So. 569; Lewis et al., executors, etc. v. Wells et al., 50 Ala. 198; Gilchrist v. Gilchrist, 223 Ala. 562, 563, 137 So. 406.

There are no circumstances here which require the heirs of Waddell as parties to the litigation. The legal title, nor possession of the land sought to be brought under the lien, is or ever was in Waddell, the equitable mortgagee, or his heirs (Huggins et al. v. Hall et al., 10 Ala. 283; Shepherd et al. v. Birmingham Trust & Savings Co., 233 Ala. 320, 171 So. 906), but was in defendants, the debtors, when the instrument was executed, and is now in their grantee, and the proceeding is, in essence, to convert this asset into money by foreclosure of the lien. Silverstein et al. v. First Nat. Bank of Birmingham, 231 Ala. 565, 165 So. 827; Hudgens v. Cameron's Adm'r, 50 Ala. 379. It is only because legal title under a duly executed mortgage of realty passes to the mortgagee that some courts have indicated that the heirs of such deceased mortgagee are, under certain circumstances, necessary parties to a foreclosure suit by the personal representative. 42 C.J. 43, § 1556.

The bill, though it could have been more specific, sufficiently avers the execution and delivery to the intestate in his

lifetime of the instrument creating the lien on the property described, to secure the indebtedness stipulated in the instrument, and that such indebtedness was past due and unpaid. We hold these allegations to be sufficient against the asserted demurrer.

It is true that to constitute an equitable mortgage the mortgagor must have a mortgageable interest in the property and a definite debt must be due from him to the mortgagee (Jones v. Stollenwerck, 218 Ala. 637, 119 So. 844), but the allegations of the bill import as much and were sufficient in this regard. The averment of the execution of the instrument suffices to show a mortgageable interest in the mortgagor without any specific allegation to this effect, he being estopped by the instrument to deny his title. 3 Jones on Mortgages, 8th Ed., § 1852, p. 332.

The instrument was not under seal and the argument is advanced that the action was barred by limitation of six years, Code 1940, Tit. 7, § 21. The contention overlooks the fact that the suit is not an action on the note to recover a monied judgment but is in the nature of a proceeding in rem to enforce a lien on real estate. The statute of six years does not apply.

Though recovery on the indebtedness may be barred by limitation this only operates on the remedy. The lien is not thereby lost nor is the right to enforce it necessarily impaired. Ware v. Curry, 67 Ala. 274, 285; Little v. Montgomery, 235 Ala. 615, 180 So. 269; 2 Jones on Mortgages, 8th Ed., § 1542, p. 1040.

The case of Kelley v. Woodley, 228 Ala. 401, 153 So. 745, 746, cited by appellant as sustaining the contrary contention, involved, as stated in that opinion, "an equitable remedy to recover for money had and received" and but emphasizes the distinction and illustrates the correctness of our holding.

The statute of limitation of ten years inhibiting, after the lapse of such period, actions for the recovery of lands, etc., was also impleaded as a defense. Code 1940, Tit. 7, § 20.

W. A. Barnett and his father, W. T. Barnett, were the signatories to the instrument. The note matured January 1, 1927, and this suit was filed in 1941. W. A. Barnett, however, on his own account in the interim, before the running of the statute, made several payments on the note which thus saved the bar against the enforcement of the lien on his interest in the property. He did deny executing the note or having made these payments on it, but on an impartial consideration of the evidence we are persuaded to the contrary and have concluded against his claim in this regard, as did the trial judge.

The status, though, of his father, W. T. Barnett, is different. The evidence is entirely lacking that W. T. Barnett had any knowledge of the making of these payments by his son. His signature to the note was by mark and, from a comparison of the instrument with other original exhibits sent up for our inspection, we would say the note appears to be in the handwriting of W. A. Barnett and a suspicion arises as to whether W. T. Barnett did, in fact, execute it. So far as is disclosed by the evidence, during the entire ten-year period of the running of the statute he never, in any way, recognized the obligation or the lien created thereby.

The stated payments did not affect the bar in favor of W. T. Barnett. It does not appear that they were made for him and by his authority and, to toll the running of the statute by partial payment, the payment must have been "made upon the contract by the party sought to be charged." Code 1940, Tit. 7, § 40.

The transactions of his son were ineffectual to this end. Part payment on the debt by one of two or more joint or joint and several debtors binds only the person making the payments and does not operate to take the debt out of the statute against a co-obligor. Sibley v. Bowen, 222 Ala. 13, 130 So. 547; Lowther et al. v. Chappell, 8 Ala. 353, 42 Am.Dec. 364; Myatts et al. v. Bell, 41 Ala. 222; Knight v. Clements, 45 Ala. 89, 6 Am.Rep. 693. This accords with the weight of authority. 71 A.L.R. 378, n., 121 A.L.R. 550, n.

The legal title and possession of the real estate embraced in the mortgage were in the two Barnetts (the mortgagors).

Under the rule of our cases, the statute of limitation of ten years was a bar to the proceeding against W. T. Barnett's interest in said property. The doctrine controlling his status was fully stated in our recent case of Woods v. Sanders, 247 Ala. 492, 25 So.2d 141. It was there declared, on principle of our former decisions, that "in a suit of this kind, the statute of limitations is ten years as in the nature of a suit for the recovery of land since land is the subject matter of the suit. Miles v. Rhodes, 222 Ala. 208, 131 So. 633; McCoy v. Gentry, 73 Ala. 105.

"The rule is that one in possession of land holding the legal title without recognition of the equity sought by another, and without application of the rents and profits, is in hostility and it is adverse to that of the party claiming to do equity, because the one in possession has the legal title. Dixon v. Hayes, 171 Ala. 498, 55 So. 164; Toomer v. Van Antwerp, 238 Ala. 87(11), 189 So. 549, 123 A.L.R. 1064; Ward v. Chambless, 238 Ala. 165(7), 189 So. 890; Coyle v. Wilkins, 57 Ala. 108; Drummond v. Drummond, 232 Ala. 401, 168 So. 428." 25 So.2d at page 143.

This case also pointed out that the rule has been applied whether the relation be that of mortgagor and mortgagee or vendor and purchaser. 25 So.2d at page 143 [4].

This principle of course is inapplicable where the legal title to the property is in the mortgagee, under which circumstances, ordinarily, twenty years is held to be the prescriptive period for the enforcement of mortgage liens. Hendley v. First Nat. Bank of Huntsville, 235 Ala. 664, 180 So. 667; Scott v. Scott, 202 Ala. 244, 80 So. 82; Shockley et al. v. Christopher, 180 Ala. 140, 60 So. 317; Braun v. Pettyjohn, 176 Ala. 592, 58 So. 907, 908.

Our conclusion is, then, that the lien of the plaintiff's mortgage extends only to the interest of W. A. Barnett in the property, that of W. T. Barnett being rescued therefrom by the bar of the statute of limitation of ten years.

The two mortgagors conveyed the property to Effie Barnett, wife of W. A., after the bar of the statute was complete as to the interest of W. T. Barnett and that which she thus acquired from him was also unencumbered of the lien of the mortgage.

The holding in Lamar v. Rivers, 235 Ala. 130, 178 So. 16, that the ten-year statute of limitation did not apply in equity to the enforcement of a lien on real estate given as security for a debt (Syllabus 2) should be narrowed to a consideration of the incidents of that case, which was a bill in equity to foreclose a public improvement lien. The limitation there dealt with, as controlling such a suit, was the limitation embraced in the public improvement statute, Code 1923, § 2202, as amended by Acts, Extra Session 1932, p. 273, now Code 1940, Title 37, § 543. The holding was that the limitation of ten years, as the period within which such liens would be enforceable, did not apply. See Downing v. City of Russellville, 241 Ala. 494, 3 So.2d 34, where further reference was made to this particular statute of limitation. The Lamar case, therefore, must be construed in the restricted ambit in which those pronouncements were delivered.

It remains only to consider the question of priority between the mortgage lien on the interest of W. A. Barnett and the title conveyed to his wife, Effie, in 1937. The trial court adjudged the lien to be prior and this conclusion is well founded.

The suit instrument, as observed, constituted an equitable mortgage and, as such, was authorized under the registration statutes to be recorded and when so recorded operated as constructive notice to subsequent purchasers of all that its contents imparted. O'Neal v. Seixas, 85 Ala. 80, 4 So. 745; Code 1940, Tit. 47, §§ 102, 120.

The note was duly recorded in the probate office of the county in 1926, soon after its execution, but it is argued that the description of the real estate as carried therein was so deficient and vague as to be inoperative as notice to subsequent purchasers. The property was described as "one garage located at Rogersville. Concreat Block Building 81 ft Long

196

57 ft. Wide." This not unreasonably comports with the dimensions of the lot described in the bill and, according to the evidence, was the only piece of property in Rogersville fitting that description, and to our minds substantially designated the property in suit and sufficed to put one on inquiry which, if followed up, would unquestionably lead to an ascertainment of the true location, identity and description of the lot. This satisfied the requisites of the registration statute.

■ The purchaser of property previously conveyed by mortgage seasonably recorded is chargeable with what the record imports and all that is ascertainable on a reasonable inquiry by what it suggests. Harris Motor Co. v. Bailey, 219 Ala. 8, 121 So. 33, 63 A.L.R. 1453; Blocker v. Boyd, 242 Ala. 345(4), 6 So.2d 19. It must be held that the record of the mortgage operated as constructive notice of its contents to all persons purchasing after its registration, including Mrs. Barnett.

From these conclusions it is unnecessary to treat the other legal questions argued. It results that the decree of the trial court subjecting the undivided one-half interest of W. T. Barnett to the lien aforesaid was erroneous· and it is here modified to conform to the views hereinabove expressed. Otherwise the decree stands affirmed.

The costs of appeal will be assessed equally against the respective parties, and it is so ordered.

Modified and affirmed.

All the Justices concur.