34 So.2d 205

## DAVIDSON v. BLACKWOOD.

### 6 Div. 623.

Supreme Court of Alabama.

Feb. 26, 1948.

Elliott & Petree, of Jasper, for appellant.

Newton & Selman and P. E. Day, all of Jasper, for appellee.

SIMPSON, Justice.

The original bill was to quiet title to land and conformed to the statute in all of the requisite allegations, including the averment that the plaintiff was in the peaceable possession of the property. The amended bill, setting forth the quo modo of the complaint on which the relief was sought to be rested, did not

detract from this general allegation by averring certain past acts of the defendant and his predecessors in title which indicated a possible interference with the previous, peaceable possession of the land. The character of previous possession is not the concern of the statute. The criterion is peaceable possession when the suit is instituted. Brookside-Pratt Mining Co. v. Wright, 234 Ala. 70, 173 So. 605.

■ It is also observed in this connection that the bill as amended was, in essence, one to cancel a deed executed by the plaintiff, induced by the fraud and undue influence exerted by her grantee children, and to remove said deed as a cloud on her title. Under these circumstances possession is not required to invoke jurisdiction of equity, the rule being that "the fraud going to the consideration and inducement only, and the instrument being voidable merely—equity will intervene to declare a rescission of the contract and the surrender and cancellation of the deed, or a reconveyance of the property, regardless of complainant's want of possession. Shipman v. Furniss, 69 Ala. 555, 562, 563, 44 Am.Rep. 528; Hafer v. Cole, 176 Ala. 242, 249, 57 So. 757; Baker v. Maxwell, 99 Ala. 558, 14 So. 468." Davidson v. Brown, 215 Ala. 205, 208, 110 So. 384, 385; Fuller v. Scarborough, 239 Ala. 681, 683, 196 So. 875.

■ The amended bill was also good against the demurrer assigning laches. It is only where the bill shows laches on its face that demurrer may take the point. Pittman v. Pittman, 247 Ala. 458, 25 So. 2d 26(1); Ussery v. Darrow, 238 Ala. 67, 188 So. 885; Lewis v. Belk, 219 Ala. 343, 122 So. 413, 414.

■ No arbitrary rule can be invoked to determine when equity will refuse to intervene because of laches and each case, in large measure, turns on its own facts. Pittman v. Pittman, supra (6); Oxford v. Estes, 229 Ala. 606, 158 So. 534. There may have been qualifying circumstances here to avert the application of the doctrine, Fowler v. Alabama Iron & Steel Co., 164 Ala. 414, 420, 51 So. 393; Pittman v. Pittman, supra, [6], and hence it cannot be conclusively asserted that, from the allegations of the bill, the plaintiff is precluded in the assertion of her rights because of laches.

■ The bill, however, was subject to the demurrer specially charging a variance in the description of the lands. The bill was amended three times and the description of the lands was materially at variance in each instance. Certainty in pleadings is the science of the law and to invoke the benefits of the statute "the bill * * * must describe the lands with certainty." Code 1940, Tit. 7, § 1110.

This court observed in the case of Wise v. Massee, 239 Ala. 559, 561, 196 So. 275, 277, that "in order to meet the requirements of the statute * * * with respect to 'certainty' in the description of the lands in a bill to quiet title, the description given in the bill must be of a character sufficiently certain not only to identify the lands at the present time but always hereafter." The same principle is equally as pertinent as regards the amended bill seeking the specific relief to remove a cloud.

It should not be a difficult task for the pleader to correctly describe the lands, title to which equity is asked to settle, or if the several recorded instruments counted on do contain varying descriptions of the land, to make it certain by proper allegations that the property is actually one and the same tract of land. Our view, therefore, is that the grounds of demurrer pointing out the defect were well taken. On this ground the decree of the trial court must be reversed and a decree here rendered sustaining the demurrer, and plaintiff is given thirty days from the date of this decree within which to amend the bill to cure the defect.

Reversed, rendered, and remanded.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.