[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-11207
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00196 CV-BH

UNION PLANTERS BANK, N.A.,

Plaintiff-Appellee,

versus

THE PEOPLE OF THE STATE OF NEW YORK,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(June 2, 2008)**

Before ANDERSON, BLACK and CARNES, Circuit Judges.

PER CURIAM:

On January 20, 2006, this Court certified the following questions to the

Alabama Supreme Court:

1. DOES THE PROPER CONSTRUCTION OF ALA. CODE § 15-13-152 AND §

15-13-156 PERMIT THE HOLDER OF THE BAIL BOND TO FILE THE AFFIDAVIT BEFORE FORFEITURE OF THE BOND; AND IF SO, DOES THAT FILING CREATE AN ENFORCEABLE LIEN AT THAT TIME? IF YES, DOES THAT FILING MEAN THAT THE FILER WOULD TAKE PRECEDENCE IN A FORECLOSURE OVER THE LIENS OF SUBSEQUENT FILERS SUCH AS UNION PLANTERS?

2. IF NEW YORK IS PRECLUDED FROM TAKING PRECEDENCE PURSUANT TO THE RESOLUTION OF THE PRECEDING QUESTION, DID THE AFFIDAVIT NEVERTHELESS CREATE AN EQUITABLE MORTGAGE; AND IF SO, WOULD NEW YORK TAKE PRECEDENCE OVER THE LIENS OF SUBSEQUENT FILERS SUCH AS UNION PLANTERS?

3. IF NEW YORK DOES NOT TAKE PRECEDENCE PURSUANT TO THE RESOLUTION OF EITHER OF THE TWO PRECEDING QUESTIONS, CAN IT NEVERTHELESS TAKE PRECEDENCE BECAUSE UNION PLANTERS' AGENT, THE TITLE SEARCHER, HAD ACTUAL KNOWLEDGE OF THE AFFIDAVIT?

Union Planters Bank, N.A. v. New York, 436 F.3d 1305 (11th Cir. 2006). The Alabama Supreme Court responded to our questions by holding that New York had not created an instrument subject to the above-mentioned Alabama bail bond

statutes, and declining to answer the other two questions.  Union Planters Bank, N.A. v. New York, __ So.2d __ (Ala. Feb. 1, 2008).

On return to this court, New York argues that the Alabama Supreme Court indicated that New York law governs the creation of the bail bond and that under that law, the lien was created when the bail was executed.  New York law governs, it asserts, because the contract that created the bond was executed in New York.  However, New York affirmatively argued below that Alabama law applied.[1]  And, reading the Alabama Supreme Court's opinion, it is clear that the court did not reject the idea that Alabama law applied; instead, the court held that the particular provisions that New York sought to invoke – Ala. Code §§ 15-13-152 and 15-13-156 – did not apply because those statutes applied only to bail bonds in Alabama courts.  Indeed, contrary to New York's argument, the Alabama Supreme Court held that Alabama law does apply: "[O]ther recording statutes in Alabama may be applicable to the question of whether the affidavit created an enforceable lien that has precedence over subsequent liens."  We agree; the case involves the issue of whether a lien has been created on Alabama real estate, and the priority thereof.  Therefore, we turn to the questions left by the Supreme Court of Alabama.

New York makes no argument that other Alabama statutes would create a

---

[1]  Union Planters argued that there was no lien under either state's law.

lien under Alabama law, and we have found no such statute. Thus, we look at equitable mortgages in Alabama law. "In order for an equitable mortgage to exist, it is essential that the mortgagor have a mortgageable interest in the property sought to be charged as security; that there be clear proof of the sum which it was to secure; that there be a definite debt, obligation or liability to be secured, due from the mortgagor to the mortgagee; and the intent of the parties to create a mortgage, lien or charge on property sufficiently described or identified to secure an obligation." Barnett v. Waddell, 27 So.2d 1, 4 (Ala. 1946).

It is clear in this case that Khodir did have a mortgageable interest in the Alabama real estate. There is also clear proof of the sum to be secured – i.e. $300,000. Finally, it is clear that the parties intended to create a lien on the property (which was sufficiently described or identified) to secure the obligation. Of the equitable mortgage elements, only the requirement that there be a "definite debt, obligation or liability to be secured" needs further discussion. Although the parties have cited no helpful cases, and our independent research has uncovered none, we conclude that the obligation in this case satisfies the common sense meaning of the requirement. The obligation secured here was Hady's appearance in court at the designated time. Upon default in that obligation, Khodir had promised to pay New York $300,000; both the $300,000 promise and the

4

obligation of Hady to appear were secured by the Alabama real estate. While New York's right to take possession of the Alabama real estate was contingent upon Hady's failure to appear and upon Khodir's failure to pay $300,000, we do not believe the situation is any less definite, or any more contingent, than the ordinary real estate mortgage. In the latter, the mortgagee's right to take possession of the collateral is similarly contingent upon the mortgagor's failure to pay or failure to perform some other obligation (like maintaining insurance on the collateral). Having determined that the instant facts satisfy the criteria for eligibility as an equitable mortgage, we readily conclude also that the equities favor New York. It is undisputed in this case that Union Planter's agent had actual notice that New York's appearance bond was secured by the Alabama real estate.

Accordingly, the judgment of the district court is reversed, and the case is remanded for further proceedings.[2]

**REVERSED and REMANDED.**

---

[2] On February 26, 2002, a mortgage in the amount of $95,000 was recorded from Khodir to Beggs & Lane, LLP. However, it has been subordinated to New York's claim and so was not at issue below or on appeal. Also not at issue in this case is the $154,000 amount of Union Planters' original mortgage, which was refinanced in connection with its subsequent mortgage. The parties agree that Union Planters' $154,000 amount has the first priority; they contest only the balance of Union Planters' mortgage which was advanced after the recording of New York's bail bond. Accordingly, our opinion today resolves that New York has priority with respect to the balance of Union Planter's mortgage (which was advanced after the recording of New York's bail bond).